## Phila., Appellant, *v.* Jewish Hospital Association.

[Marked to be reported.]

*Charities—Exemption from taxation—Repeal of special act.*

The effect of the act of April 8, 1873, P. L. 64, is to repeal the exemption from taxation conferred by special act upon real estate of religious, charitable and educational institutions, chartered subsequent to the constitutional amendment of 1857.

*Charities—Taxation—Exemption—Property not in active use—Act of May 14, 1874.*

Under the act of May 14, 1874, P. L. 158, only such property of a charitable institution is exempt from taxation as is " annexed to and necessary for the enjoyment and occupancy " of the charitable institution.

A building which was originally erected and employed as a hospital, but of which such use had been discontinued for almost twenty years, the association having removed to another location, is not entitled to exemption as a charity.   To entitle it to consideration as a hospital, it is essential that it be devoted to the purposes for which hospitals are used.

Argued March 28, 1892.   Appeal, No. 126, Jan. T., 1892, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1888, No. 88, on verdict for defendant.   Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Scire facias on claim for registered taxes.

At the trial before PENNYPACKER, J., the evidence was to the following effect:

. The city of Philadelphia filed a lien for taxes against a piece of ground in the 24th ward of the city of Philadelphia, on which was erected a three-story stone building belonging to the Jewish Hospital Association.   Prior to 1873, this property had been used and occupied as a hospital.   In that year the association removed to Germantown in the 22d ward of the city of Philadelphia, and the property in the 24th ward had not since been used for hospital purposes.

The defendant claimed exemption, under special act of April 8, 1867, P. L. 937.

The court below directed the jury to find a verdict for defendant.

Verdict for defendant and judgment thereon.   Plaintiff appealed.

*Errors assigned* were (1) directing a verdict for defendant; (2) failure to direct a verdict for plaintiff.

*Charles B. McMichael, Isaac H. Shields* and *Charles F. Warwick* with him, for appellant.—The general act of April 8, 1873, P. L. 64, repealed all prior special exemption acts passed subsequent to the constitutional amendment of 1857 : Wagner Free Institute of Science v. Phila., 132 Pa. 612; Northampton County v. Lehigh Navigation Co., 75 Pa. 461.

Exemption cannot be claimed under the act of May 14, 1874, since the property liened in this case cannot possibly be claimed to be " annexed to and necessary for the enjoyment and occupancy " of the hospital, which is now located in premises several miles away: Act of May 14, 1874, P. L. 158 ; Wagner Free Institute v. Phila., supra.

*George P. Rich, Mayer Sulzberger* with him, for appellee.—Whether the act of April 8, 1867, especially exempting this property from taxation, is repealed by the act of April 8, 1873, is of no importance, because this property, as lands or grounds annexed to and necessary for the occupancy and enjoyment of a hospital or institution of charity, falls directly within the exception and exemption alike created by the acts of April 8, 1873, and May 14, 1874.

The test is, is the building a hospital in its form and structure ? Is that its proper and legitimate use ? Is it used for any other purpose ? Mere nonuse is not sufficient; once a hospital, so it remains until it is turned aside from its proper use and made to serve some other purpose.

OPINION BY MR. JUSTICE GREEN, April 11, 1892:

That the special exemption from taxation of the appellee's property involved in this controversy, which was conferred by the act of April 8, 1867, P. L. 937, was repealed by the general law of April 8, 1873, cannot be doubted, and is not seriously contested by the learned counsel for the appellee. The question was fully considered and decided by this court in the case of the Appeal of the Wagner Free Institute, 132 Pa. 612.

But it is contended for the appellee that, under the exempting provisions of the act of 1873, and under the 1st section of the 9th article of the constitution, and the act of May 14, 1874, P. L. 158, passed to carry into effect the intention of the con-

stitution, the property in question is exempted on account of its charitable character, and because it is a hospital within the letter and meaning of the act. If it is to be regarded as a hospital in the proper sense of the word, it certainly would be exempt under the direct provisions of the act. The difficulty upon this point arises, not from the fact of its original construction and use, but upon the fact of its long-continued disuse as a hospital or for hospital purposes. If it were now in actual use as a hospital, the claim for its exemption would probably prevail, notwithstanding the fact that the appellee owns and uses another hospital in another part of the city. But, although originally used as a hospital, that use has been discontinued for almost twenty years, and there is no certainty that it will ever be used for such purposes again. A hospital building is not a hospital in the true sense of the word. No charity is administered by the mere possession of the building. As a building only, and independently of its uses, it is a mere house, and comes strictly within the taxing laws as such. To entitle it to consideration as a hospital it is essential that it be devoted to the purposes for which hospitals are used. Whenever it is restored to such use it may with propriety be claimed that it has been brought within the operation of the exempting laws. Until then the property is nothing but a house and land, and as such it is subject to taxation, as are other houses and land.

Judgment reversed, and new venire awarded.