# CASES

IN THE

# SUPREME JUDICIAL COURT,

OF THE

## STATE OF MAINE.

HENRY BAKER *vs.* EVERETT C. WALDRON, and Mill.

Somerset. Announced June 15, 1898.

Opinion December 22, 1898.

*Lien. Building. Dam. Consent of Owner. R. S., c. 91, § 30. Stat. 1891, c. 21.*

S. gave W. an agreement to sell him a parcel of land, one condition of the agreement being that W. should build a dam across a stream running through the land, and erect a mill at one end of the dam. W. procured labor and materials of B. for building the foundation walls of the mill, but before the walls were fully completed W. failed and the work stopped. *Held;* That S. (the owner) is presumed to have assented to the supplies of labor and materials furnished by B.; and that B. has a lien for the amount due him for the same upon the land and (uncompleted) mill. The fact that one of the four foundation walls of the mill happened to serve, pro tanto, as a section of the dam did not have the effect to destroy B.'s lien.

*Held;* that an attachment on the writ in this case is not void because made upon the land as real estate instead of against the materials on the land as personal property.

ON REPORT.

This was a suit to enforce a lien claim and was reported by the presiding justice to the law court upon the facts as agreed by the parties.

The parties agreed upon the following facts:—

The plaintiff performed the work and furnished the materials described in his writ by virtue of an employment by the defendant, Everett C. Waldron.

Prior to the commencement of the work said Waldron made an oral contract with Herbert L. Seekins, owner of the land, before the work of the plaintiff was done and ever since, to buy the land described in the writ for $300, and it was part of the agreement that said Waldron should build a dam across the stream running through the land, and should erect a factory upon the east side of the stream for manufacturing woolen goods. Said Waldron thereupon built the dam across said stream which stream runs nearly north and south and commenced the foundation for a factory building on the east side. The dam not only extended across the stream from west to east but was built partly in the mill pond on the east side in a northerly direction about fifty feet; and this fifty feet was intended for the foundation of the factory on its west side. Another portion of the dam extended about forty-seven feet to the east shore and this was intended for the north foundation of the factory. In other words—a wooden dam crosses the river and strikes the north side of the foundation nearly if not quite at right angles; and the north side wall runs in nearly a parallel course with the stream. That part of the north wall east of the dam, and a portion of the east side, were surrounded by water, and served the purposes of a dam as well as of the foundation of the mill. The construction of the west side of said dam was nearly completed and the north side partly constructed—both being intended as part of the foundation for the factory. Part of the foundation work for the east and south sides of said factory was laid, consisting of stone work, but neither side completed only in part.

The work and labor and material furnished by the plaintiff and embraced in the present suit, were furnished and performed on the four sides of the foundation for the factory, and consisted in hauling the stone and placing it in position as far as the foundation was built. Before the foundation on the north, east and south sides was completed, said Waldron failed and stopped work, and the plaintiff stopped. No factory or other building was erected, or any timber hauled for the same.

After the work and labor and materials were furnished by plain-

tiff the oral contract between Waldron and Seekins was reduced to writing and signed by the parties, a copy of which was introduced in evidence by the plaintiff; and it is admitted that the oral contract, under which Waldron employed the plaintiff, is correctly set out in the written agreement. The plaintiff filed his claim for lien within the time required by statute in the town clerk's office of St. Albans, where the land is situate, and brought his suit within the statute period.

The owner of the land, said Herbert L. Seekins, claimed that the statute of liens does not apply, there never having been any building erected, but only part of the foundation for a building having been completed by the work of the plaintiff and others, employed by said Waldron. He also claimed that there was no valid attachment on the writ. The case was reported upon the foregoing agreed facts to the law court, who was to enter such judgment as should be in accordance with the right of the parties and the law of the case.

And if, in the opinion of the court, the plaintiff was not entitled to a lien judgment, it was agreed that he should have a judgment for the amount sued for against the defendant Waldron.

*J. W. Manson* and *G. H. Morse,* for plaintiff.

Counsel cited: *Worthen* v. *Cleaveland,* 129 Mass. 570; *Truesdell* v. *Gay,* 13 Gray, 312; *McCue* v. *Whitwell,* 156 Mass. 205; *Carew* v. *Stubbs,* 155 Mass. 549.

Consent of owner: *McCue* v. *Whitwell,* supra; *Hilton* v. *Merrill,* 106 Mass. 528; *Davis* v. *Humphrey,* 112 Mass. 309; *Weeks* v. *Walcott,* 15 Gray, 54; *Norton* v. *Clark,* 85 Maine, 359.

*D. D. Stewart,* for land-owner Seekins, argued:—

1.   That the plaintiff has no lien on any "building," because no building was ever erected.

2.   That an incomplete piece of stone wall upon which it was intended to erect a mill-building, when completed, is not a mill-building.

3.   That the plaintiff has no lien upon the dam, because he never performed any labor upon it, or furnished any materials for

it. Because also no statute gives a lien upon a dam, eo nomine, even when labor is performed upon it. A dam actually in use with a mill, and the head of water, which it creates, furnishing the driving power for the machinery in the mill, might become an appurtenance to the mill; and labor upon such a dam might come within the lien statute. But this dam was never used with any mill, and never drove any machinery in a mill, for the simple reason that neither mill nor machinery ever had any existence.

The plaintiff's employer, at the time the work was done, "had no legal interest in the land;" and if the plaintiff had any lien when he stopped work, (which is wholly denied, as no building was erected,) it could only attach to the stones which he hauled upon the land, and these should have been attached, under the statute, as personal property. No lien is created by any statute upon any res except the res upon which the labor was performed; in this case, the stones, and nothing else.

The real estate attachment, in the present suit is void, under the statute of 1891, the plaintiff's employer, Waldron, having had no legal interest in the land at the time the labor was performed on the stones. *Dustin* v. *Crosby*, 75 Maine, 75.

*J. W. Manson*, in reply.

Under the mechanics' lien law in Massachusetts, it is held that if work is done in laying a foundation and the construction of a building proceeds no further, no doubt the mason would be entitled to his lien. *Somerville* v. *Walker*, 168 Mass. 388.

SITTING: PETERS, C. J., EMERY, WHITEHOUSE, WISWELL, SAVAGE, JJ.

PETERS, C. J. This is a suit to enforce a lien. Defendant bargained for land upon which to erect a dam and a mill. He contrived to have the foundation for the mill serve as a section of the dam. Before the foundation was entirely completed defendant failed, and no mill was built. Plaintiff furnished labor and materials for the foundation and now asks a lien for the same on the foundation and land upon which it stands.

It is objected by the owner of the land that the lien does not attach, because, as he contends, no superstructure had been built, the statute giving a lien only upon a building and the land upon which it stands; and that the existence of a building, a superstructure, is necessary before any lien can attach; it then attaching both to the building and the land, that is to the whole property.

We think the point untenable. The reason for the statute applies just as strongly to a building partially completed as to one wholly so. Otherwise very many contractors and laborers might be wronged out of their wages by designing or improvident builders and owners. The fallacy of the defendant's argument consists in his assumption that the foundation walls of a structure are not a part of the structure itself. It is too fine a distinction to attempt to draw a line, in the meaning of the statute, between substructure and superstructure. It is all superstructure. The foundation walls of a building, though lowered into the earth, are just as much a part of the building as its upper story or roof is, and even a more essential part. Is the mason to lose his lien and the carpenter to secure his on the same unfinished building? Or shall both mason and carpenter lose their lien when without fault on their part the building has not been completed? Such has not heretofore been the interpretation of the statute.

We have no doubt that the owner of the land must be considered as assenting to the purchasing of materials and the hiring of labor for the purpose of erecting the contemplated mill, inasmuch as the contract of sale of the land between him and the principal defendant (Waldron), who hired the plaintiff's services, made it a condition of the sale that Waldron should erect just such a mill as he was undertaking to construct when by reason of his failure the work of construction became suspended.

The above views are, we think, a full answer to the criticism that one section of the dam at the same time is made to serve, pro tanto, as one of the walls of the mill.

It is urged that the attachment on the writ is void because it is an attachment against the land as real estate instead of against the

materials on the land as personal property. But the owner's consent that the mill might be erected on his land is a consent that a lien for materials and services procured for erecting the same may be established on his land. He is estopped from denying defendant's ownership. His consent is equivalent to defendant's ownership. The lien, as said by EMERY, J., in *Shaw* v. *Young*, 87 Maine, 275, "attaches to the res, the fee." That being so, the res, or fee, or land must be attached as real estate in order to execute the lien. And to this effect are other decisions. *Dustin* v. *Crosby*, 75 Maine, 75; *Skillin* v. *Moore*, 79 Maine, 554.

But it is contended that the earlier cases are overturned by an alteration of the statutes in 1891. Chapter 21, Laws of 1891, merely adds a new subject of lien to such rights of lien as already existed, and that is for labor and materials in moving a building as well as in erecting it. The alteration discloses nothing more.

Great stress is put on the clause in the statute that a claimant shall have a lien "on any interest that such owner has in the same," as repugnant to the idea of an attachment of realty; the clause with its context reading as follows: "Whoever performs labor in erecting a house or building, by virtue of a contract with or by consent of the owner, has a lien thereon, and on the land on which it stands, and on any interest that such owner of the land has in the same." The words "the same" refer to the house or building and not to the land, to meet a case where the owner of the land also owns some interest in the building, a clause that appears a little blind for the reason that it is difficult to see any utility in it.

*Judgment against defendant, and property attached.*