# In re: Appeal of Children's Hospital of Philadelphia.

*Hospitals—Charities—Taxation—Exemption—Act of April 9, 1921, P. L. 119.*

An addition to an existing hospital, while in the course of erection, although not actually in use for hospital purposes, is exempt from taxation under the provision of the Act of April 9, 1921, P. L. 119.

While the right to exemption from taxation is based on use, the erection of an addition to a hospital or other purely public charity is comprehended in such exemption.

Argued October 18, 1923.  Appeal, No. 272, Oct. T., 1923, by City of Philadelphia, from decree of C. P. No. 3, Phila. Co., Dec. T., 1921, No. 9974, sustaining appeal from decision of Board of Revision of Taxes of Philadelphia, in the case of In re: Appeal of the Children's Hospital of Philadelphia from assessment by the Board of Revision of Taxes of Philadelphia.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Appeal from tax assessment.  Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

The court sustained the appeal and directed the Board of Revision of Taxes to amend their assessment, so as to exempt all of the petitioner's real estate, including the new building, from taxation.  The City of Philadelphia appealed.

*Error assigned* was the decree of the court.

*Mayne R. Longstreth,* Assistant City Solicitor, and with him *David J. Smyth,* City Solicitor, for appellant. —The property was taxable until actually used for charitable purposes: Mullen v. Com., 85 Pa. 288; Moore v. Taylor, 147 Pa. 481; Phila. v. Jewish Hospital, 148 Pa. 454; Grubb v. Weaver, 19 Pa. C. C. 609; Pittsburgh v. Phelan, Trustee, 11 D. R. 572; Trinity Reformed Church v. Phila., 23 D. R. 343; Pocono Pines Assembly v. Monroe Co. 29 Pa. Superior Ct. 36.

*Thomas Raeburn White,* for appellee.

OPINION BY GAWTHROP, J., November 19, 1923:

The only question in this case is whether an addition to an existing hospital building while in course of erection and, therefore, not yet actually used for healing the sick is exempt from taxation under the Act of April 9, 1921, P. L. 119. That act exempts, inter alia, "all hospitals......with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same...... provided that the entire revenue derived by the same be applied to the support of and to increase the efficiency and facilities thereof, the repair and necessary increase of grounds and buildings thereof, and for no other purpose." The facts are undisputed. The Children's Hospital was founded and is endowed and maintained by private charity. In 1920 the hospital began the erection of an addition to its hospital building. The addition was erected upon ground which, for many years, had been exempted from taxation and had been used as part of the grounds of the hospital. The city contends that the portion of the hospital grounds on which the addition to the hospital is being built is not being used for hospital purposes; that it and the unfinished building being erected thereon are subject to taxation; and

that the nonuser for hospital purposes is the controlling fact.

It is well settled in this State that the right to exemption of property from taxation is based upon use. The land upon which a church was being erected was not exempted from taxation under the provisions of the act which exempted "churches, meetinghouses, or other places of stated worship," because the building might never be used as a church: Mullen v. Commissioners, 85 Pa. 288. When a church building ceases to be used as an actual place of religious worship, its exemption from taxation ipso facto ceases and the property forthwith becomes subject to taxation: Moore v. Taylor, 147 Pa. 481. It was held in Phila. v. Jewish Hospital Assn., 148 Pa. 454, that a building originally erected and employed as a hospital but which had long since ceased to be used as such, the hospital association having removed to another location, was not entitled to exemption as a charity because it was no longer devoted to the purpose for which hospitals are used. But our Supreme Court has never held that an addition to a building which was in use as a place of religious worship, a hospital or other purely public charity is subject to taxation prior to the time when it is actually used for religious or charitable purposes. Would anyone contend that if a hospital burned to the ground, that the ground on which a new structure was being built, and the incompleted building itself, would be subject to taxation? We see no difference in principle between such a case and the one before us. It cannot be said that the ground and the partly erected building thereon is not a part of the hospital merely because the operations of the hospital are excluded from it while the building is in course of erection. We think the able counsel for the hospital has convincingly pointed out the fallacy of the position taken by the city solicitor in the following words: "If the argument of appellant is sound, then it might be contended that if, even for a short time at the end of the taxable year, patients were excluded

from a portion of the hospital or its grounds by reason of repairs going on or for other reasons, that that section would thereby become subject to taxation. It seems unreasonable to argue that a portion of the premises which was already exempt from taxation, becomes taxable because, instead of using it for a war garden or for tennis courts, it is being made ready for a more direct use for hospital purposes through the erection of a building." While it is the use of a hospital plant which determines its character as a public charity, it would be sticking in the bark to hold that an addition which is being constructed to a building which is in actual use as a purely public charity is not a part of the institution. It is not to be considered independently of the main structure. It will increase its efficiency and facilities. To entitle it to consideration as a purely public charity, it is essential that it be devoted to the purposes for which the charity operates: Phila. v. Jewish Hospital Association, supra. We think that there is sufficient devotion to hospital purposes under the circumstances to give it character as part of the hospital. That the erection of the structure here involved is a purely charitable object under the law seems to be made plain by the proviso in the Act of 1921, supra, requiring that the entire revenue of such a charity shall be used, among other things, for "the necessary increase of grounds and buildings thereof."

After a thorough examination of the authorities upon the question and consideration of the arguments of counsel, we have no doubt that the learned court below correctly held that the whole of the premises of the hospital, including the hospital buildings thereon and the newly constructed addition, are exempted from taxation.

The assignments of error are overruled, and the decree is affirmed at appellant's cost.