## No. 11,648.

BOARD OF COUNTY COMMISSIONERS OF RIO GRANDE COUNTY ET AL. *v.* SAN LUIS VALLEY MASONIC ASSOCIATION.

Decided  October  11,  1926.

Action to recover taxes paid.   Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.   TAXES AND TAXATION—*Exemption—Charitable Association.*   Property owned by a Masonic association and used for charitable purposes and for fraternal pleasure and recreation only, held, under the facts disclosed, to be used strictly for charitable purposes within the spirit and meaning of the Constitution and statutes, and to be exempt from taxation.

*Error to the District Court of Rio Grande County, Hon. W. N. Searcy, Judge.*

Mr. JESSE STEPHENSON, for plaintiffs in error.

Mr. E. O. PHLEGAR, Mr. ALBERT L. MOSES, for defendant in error.

*En banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

DEFENDANT in error brought this action in the district court against plaintiffs in error to recover the sum of $35.32, being the first half of the taxes for the year 1923, on certain real estate owned by the plaintiff, the tax having been paid under protest. Findings and judgment for the plaintiff. Defendant brings the case here for review and applies for a supersedeas. The parties will be referred to here as in the trial court.

Upon the trial no evidence was offered, the case having been heard upon a stipulation of counsel that the allegations of the first nine paragraphs of the complaint were true, and an admission as to the contents of the plaintiff's articles of incorporation.

The admitted allegations are in substance as follows: That the plaintiff is a corporation not for profit, duly organized; that Ayers is county treasurer; that plaintiff is the owner of 160 acres of land in Rio Grande county, which tract is commonly known and designated as "Masonic Park" on which are located three buildings, one known as the "Association Building," one known as the "Caretaker's House," and the other known as the "Order of the Eastern Star Building," all owned by the plaintiff and used for Masonic purposes, including fraternal, pleasure, and recreation; that in the year 1923, the real estate was assessed for the purpose of taxation and taxes for that year assessed against the property in the sum of $69.34; that plaintiff paid the first half of the tax under protest; that the plaintiff association is composed of Olive Branch Lodge No. 32, A. F. & A. M. of Saguache, Colorado; Alamosa Lodge No. 44, A. F. &

A. M. of Alamosa, Colorado; Monte Vista Lodge No. 73 A. F. & A. M. of Monte Vista, Colorado; Amethyst Lodge No. 94 A. F. & A. M. of Creede, Colorado; Vulcan Lodge No. 103 A. F. & A. M. of Hooper, Colorado; Del Norte Lodge No. 105 A. F. & A. M. of Del Norte, Colorado; Temple Gate Lodge No. 128 A. F. & A. M. of Center, Colorado; San Acacio Lodge No. 158 A. F. & A. M. of San Acacio, Colorado, and the individual members of each of said lodges as well as members of other Masonic Lodges not affiliated with or members of any of the above named lodges; that the rights, benefits, and the use and occupation of said property are held in trust for the use and benefit of the entire Masonic fraternity, and their families wherever dispersed without remuneration therefor; that in virtue of the by-laws the plaintiff sold to individual Masons only, leaseholds upon certain lots of said real estate for the purpose that the purchasers of the leasehold interest might erect on the lots summer lodges or cottages such as they might desire; that the plaintiff retained the fee title to the lots and received for such leasehold interest the sum of $25 per lot; that plaintiff neither owns nor claims any title or interest in the improvements erected on the lots by the leaseholders and receives no profit or income therefrom in any manner, nor any rental from the lots; that plaintiff is maintained solely by the contributions of the above named lodges in the nature of assessments imposed by said lodges upon themselves, as well as the amounts received from the leasing of the lots mentioned; that the contributions of other Masonic Lodges and individual Masons and all of the receipts are used by plaintiff solely for Masonic purposes, including the maintenance of the grounds and the three buildings mentioned, the buildings and grounds being used as a fraternal, pleasure, recreation and health resort for individual Masons and their families from any part of the world, and for their recreation and health, comfort and happi-

ness, and are used exclusively for the purposes mentioned; that the Masonic Lodges mentioned derive their income from the annual dues paid by their members, fees for initiation and donations; that out of this are paid the operating expenses of the plaintiff, the maintenance of the several Masonic Lodges, and the remainder thereof used in charitable work; that they contribute from their funds to the relief of members, wives, widows, and orphans and other Masons who come within their jurisdiction for their health who may require assistance; that they are not limited in that respect to this class of persons, but frequently aid other charitable organizations and needy persons not connected with the Masonic fraternity; that they maintain burial grounds and furnish necessary assistance and supplies for the burial of the dead, and frequently pay the expenses of their burial; that some of them contribute to the furnishing and maintenance of rooms in hospitals and especially at Del Norte, for the general use of the hospital; that each of the bodies has a relief committee and that there is a general Masonic relief board to which all contribute; that they visit the sick and extend advice and assistance to the families of sick persons, all of which is done without compensation; that no one has a right to demand or receive anything from them; that they accept and give upon the call of humanity, and they administer to man, woman and child as far as their abilities as societies will permit; that frequently deficiencies occur in their treasury which are made up by donations or other legitimate means, and that plaintiff has no source of income except as stated.

It is admitted that the plaintiff's articles of incorporation provide, inter alia, that the business and object for which the association was formed was to promote social intercourse among themselves and associates, and to acquire, hold, and convey real estate and personal property, to borrow money for the purposes of improving their property and to have and maintain in the county of Rio Grande, for the use of themselves and other asso-

ciates for the purposes mentioned, an association or club house with all the appurtenances and belongings, and matters and things of a club or association, as usual thereto.

Defendants' contentions are that the use of the property is not for strictly charitable purposes; that ownership of the land has nothing to do with the question under consideration; that the use of the proceeds of the land has nothing to do with the question; that whether it is exempt from or subject to taxation depends upon the use of the land and the buildings thereon, and that the admitted facts show that they are used for residence or recreation purposes.

The plaintiff's position is that the selling to individual Masons only, of the leaseholds upon the lots for the purpose of erecting summer lodges or cottages, is a part of the plan of the association by which it dispenses its charity and enables the members of the Masonic fraternity to receive and enjoy it. The plaintiff further claims that the facts in *Horton v. Colorado Springs Building Society,* 64 Colo. 529, 173 Pac. 61, L. R. A. 1918E, 966, are identical with the facts in the instant case, and that that case is controlling in this. The question then for our determination is whether, in view of the foregoing facts, the plaintiff's property was exempt from the tax in question under section 5, article 10 of the Constitution and section 7198, C. L. 1921, which provide in substance that lots with buildings thereon, if the buildings are used for strictly charitable purposes, shall be exempt from taxation.

It appears that no profit or income from the buildings placed on the lots by the lessee or licensee inures to plaintiff, nor does it receive any rental from the lots. The $25 is full consideration for the leasehold interest. The facts already stated show to what purpose this money is applied; they also show the full nature and character of the plaintiff association, and the purposes for which its property is used.

While the use of a tract of land or park with buildings thereon for strictly charitable purposes may be unusual and out of the ordinary, we know of no reason why they may not be so used. In the Horton case, supra, we held that the buildings and grounds were exempt from taxation, although the proof disclosed that the first floor contained a reading room, a smoking and reception room, and another large room sometimes used in connection with the others for dinners and dances given by members of the different bodies; that sometimes entertainments were restricted to members and other times nonmembers were included, and that the society maintained in the building a cigar stand for the sale of cigars, tobacco, and other things to those privileged to be there. It further appeared in that case that plaintiff rented the property to certain Masonic organizations who were stockholders of the plaintiff in that case.

Following the rule of liberal construction adopted in this jurisdiction, it seems quite clear that the property in question was exempt from taxation. From the admitted facts, it seems plain that the property was used strictly for charitable purposes within the spirit and meaning of the Constitution and statutes.

We think the principles announced in the Horton case, supra, are applicable to the facts in the instant case, and because the facts in that case were so thoroughly considered and the numerous authorities cited and reviewed, we deem it unnecessary to further discuss the matter here. We are of the opinion that the mere selling of leasehold interests to Masonic purchasers of certain lots of plaintiff's land, upon which they erect their own buildings and for their own use, is not sufficient to take from plaintiff's property its exempt character.

Supersedeas denied and judgment affirmed.