No. 12,731.

DENVER PRESS CLUB *v.* COLLINS, ASSESSOR.

(18 P. [2d] 451)

Decided December 27, 1932.

Mr. HAMLET J. BARRY, for plaintiff in error.

Mr. THOMAS H. GIBSON, Mr. FRANK L. HAYS, for defendant in error.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

The Denver Press Club, a Colorado corporation, hereinafter referred to as plaintiff, brought an action against Clem W. Collins, as assessor of the City and County of Denver, Colorado, as manager of revenue of the City and County of Denver, Colorado, and as treasurer of the City and County of Denver, Colorado, hereinafter referred to as defendant, to strike plaintiff's property from the assessment rolls, to restrain the sale thereof for taxes, and to have the same adjudged to be exempt from taxation under the provisions of section 5, article 10, of the Constitution of the state of Colorado. Upon trial, judgment was entered for defendant, to review which judgment, plaintiff prosecutes this writ.

The complaint alleged that plaintiff was and is engaged in ''charitable and philanthropic pusuits,'' is organized ''not for gain nor for profit, and is organized to promote good fellowship among the newspaper workers of Denver employed on the editorial side, and does charitable work not only among its members but in the City of Denver at large. * * * That the income of the club is derived from initiation fees and dues of members and donations from its friends, and said initiation fees and dues are so low that there is very little chance for profit. * * * That The Denver Press Club, plaintiff above named, has contributed and does contribute to the relief of wives and children of members who are in need, and the charity of said plaintiff is not limited to its members; that said plaintiff aids other organizations, and when it has no funds available it gives of the services of its organization, its members being skilled in publicity work, which is essential in any campaign, to replenish the finances of other established charities.'' Further, that plaintiff has a visiting committee with duties such as usually appertain thereto; that the property of plaintiff, both real and per-

sonal, is exempt from taxation under the provisions of our Constitution and statutes, notwithstanding which, defendant has threatened to, and will, sell the same for unpaid taxes, unless restrained by order of court. Defendant's general demurrer was overruled, and thereupon it filed its answer amounting to a general denial of the material facts upon which plaintiff relied for relief.

The evidence disclosed that the object for which plaintiff was incorporated, as stated in its certificate of incorporation, is "* * * for the purpose of creating closer social relations among the newspaper writers and artists of Denver"; as disclosed by its by-laws, "The object of this club shall be the promotion of the interests of its members." Plaintiff maintains a pool-room, dining-room, kitchen, reception room and assembly room. There is also a library, the extent and character of which is not disclosed. It has a membership of approximately sixty active members, each of whom pays $1 per month dues. The initiation fee is $5. The total receipts for the year 1928 were $11,560, while the expenses were $11,900. The principal items of income were: dues $1,500; donations $1,410; buffet $4,600, while the balance of the receipts is made up from miscellaneous items such as receipts from baseball machines and other amusements. The principal items of expense were: salaries $3,500; buffet $4,300; club maintenance $850; stamps and stationery $125; internal revenue and water rent $250; radio for club $170; *charity* $25; Christmas tree $275, which totals $9,495. In response to this question: "Are those all of the disbursements?" Mr. Lyons, who is plaintiff's secretary and house manager, replied: "Chiefly speaking they cover everything, yes sir. We have each month a sundry account, you will find a record in each month that I can go over and show you the matter of things that we pay out for food, lodgings and for the men in general. * * *" The book from which witness was testifying was not made an exhibit herein and does not appear in the bill of excep-

tions. There is evidence that the individual members of plaintiff participate and assist in charitable undertakings of other organizations; also isolated instances of charity during the 25 years of plaintiff's existence.

The article of the Constitution of the state of Colorado, under which plaintiff claims exemption from taxation, reads: "Lots, with the buildings thereon, if said buildings are used solely and exclusively for * * * strictly charitable purposes, * * * shall be exempt from taxation, unless otherwise provided by general law." Article 10, §5. Our statute, section 7198, C. L. 1921, provides: "The following classes of property shall be exempt from general taxation, to wit: * * * Fourth. Lots with the buildings thereon, if said buildings are used for strictly charitable purposes."

The sole and only question presented for our determination is whether, under the facts herein, the property of this plaintiff is exempt from taxation as being "used solely and exclusively for strictly charitable purposes." We have had occasion to pass upon this article of our Constitution, and, in this connection, have adopted and approved definitions of "charity" and "charitable purposes." *Bishop, etc. v. Treasurer,* 37 Colo. 378, 86 Pac. 1021; *Horton v. Colorado Springs Society,* 64 Colo. 529, 173 Pac. 61; *Board of Com'rs v. Masonic Ass'n,* 80 Colo. 183, 250 Pac. 147. Counsel for plaintiff confidently assert that our decisions in the above cases are determinative of the case at bar. We have read the decisions and studiously considered the entire records in those cases, and do not believe that, under them, plaintiff is exempt. The facts in the above cited cases clearly distinguish them from the case at bar. The evidence offered herein definitely establishes that plaintiff is a social organization, and that any charitable work done is incidental to the principal object for which the club is organized. The fact that plaintiff's members, as individuals, are public spirited enough to assist in raising funds for strictly charitable organizations does not inure to

the benefit of plaintiff, and does not make plaintiff a charitable organization within the purview of our Constitution.

Under the facts in this case, plaintiff is not entitled to a tax exemption, and the trial court was correct in so holding.

Judgment affirmed.