No. 12,771.

EL JEBEL SHRINE ASSOCIATION *v.* McGLONE ET AL.
(26 P. [2d] 108)

Decided October 9, 1933.

Mr. Edwin H. Park, Mr. George P. Winters, for plaintiff in error.

Mr. Thomas H. Gibson, Mr. George Hetherington, Mr. James D. Parriott, Mr. Frederick P. Cranston, Mr. R. C. Hecox, for defendants in error.

Mr. Justice Campbell delivered the opinion of the court.

This controversy is between the plaintiff El Jebel Shrine Association, a corporation, and the defendants, the manager of revenue and ex officio county assessor and treasurer of the city and county of Denver, and E. M. Hills, as to whether or not certain property of the association is or is not exempt from general property taxation. The complaint alleges that plaintiff was incorporated as a holding corporation for the use and benefit of El Jebel Shrine Temple of the Ancient Arabic Order of the Nobles of the Mystic Shrine for North America, a mutual, fraternal, benevolent and charitable organization. The complaint further alleges that the Shrine Temple is a branch of an international organization created and maintained solely for fraternal, recreational, benevolent and charitable purposes, and that its activities are not confined to members of the local organization, but apply also to the membership generally throughout the United States and to Masonic fraternities generally; that it is supported entirely from dues contributed by its local members and the entire proceeds are devoted to its fraternal and charitable uses and purposes. The complaint further specifically charges that all the property of the plaintiff is used and employed for such benevolent and charitable purposes and that the property in question was acquired for such purposes and is held for such use, and that it is the intent and purpose to complete a structure and buildings upon said lots to be used for such charitable purposes, and that the foun-

dation for such building has been constructed at an expense of approximately $50,000. The complaint further alleges that title to such property was acquired by plaintiff more than ten years ago and such property was exempted from taxation by the tax officers of the City and County of Denver and so remained upon the exemption list until about the month of July, 1929, when the defendant assessor wrongfully and without warrant of law placed the same upon the tax list at a valuation of about $35,000 and proceeded to, and did, levy and assess a tax against the same of over $1,100 for the taxes of the year 1928. To this complaint, the substance of which is above set forth, the trial court sustained defendants' general demurrer. Under well established principles of pleading the general demurrer to the complaint confesses and admits as true the facts which we have above summarized.

Section 5 of article X of our Constitution reads: "Lots, with the buildings thereon, if said buildings are used solely and exclusively for religious worship, for schools, or for strictly charitable purposes, * * * shall be exempt from taxation." The statutes of Colorado which have been enacted to carry out the purpose of this constitutional provision substantially follow the language of the Constitution itself. The decisions of the courts of last resort of the states of the Union are not uniform as to the scope and effect of statutory and constitutional provisions in substantially the same or similar language contained in our Constitution and statutes upon this subject. The courts of some of the states interpret such provisions strictly and others liberally. Our own decisions unquestionably are liberal. Among other cases are *Colorado Seminary v. Arapahoe County,* 30 Colo. 507, 71 Pac. 410; *Cathedral of St. John, etc., v. County Treasurer,* 29 Colo. 143, 68 Pac. 272; *Horton v. Colorado Springs Society,* 64 Colo. 529, 534, 173 Pac. 61; *Board of Commissioners v. Masonic Association,* 80 Colo. 183, 250 Pac. 147, and *Denver Turnverein v. McGlone,* 91 Colo. 473, 15 P. (2d) 709. The argument of counsel

for the defendants in error, which, in substance, is a plea for the adoption by this court of the strict rule of construction, which, if approved, would be contrary to our previous decisions on this important subject, does not meet with our approval, and we are not disposed to depart from such decisions upon the controlling question involved in this case. In the briefs of counsel for the defendants they recognize that they are asking this court to change its position and adopt their theory of a strict construction and repudiate many previous decisions and hold the property in question subject to the tax which the manager of revenue has assumed to levy upon it. In one of our recent decisions, *Commissioners v. Masonic Association, supra,* is a valuable discussion of the question now before us, and this court, en banc, in an opinion by Mr. Justice Sheafor, calls attention to the fact that in this jurisdiction the rule of liberal construction has been adopted and it was applied in that case. In a late decision by the Supreme Court of Oklahoma, *Board of County Commissioners of Garfield County v. Phillips University,* 144 Okla. 57, 289 Pac. 720, will be found a valuable discussion of section 6, article X of the Oklahoma Constitution, which provides that property used exclusively for schools, colleges and all property used exclusively for religious and charitable purposes shall be exempt from taxation. It is in line with our own decisions upon substantially similar constitutional provisions.

It is admitted in the brief of the revenue officials that the shrine association is merely a holding corporation for the use and benefit of El Jebel Shrine Temple of the Ancient Arabic Order of the Nobles of the Mystic Shrine for North America, and that it is a mutual, fraternal, benevolent and charitable organization, and that all its property is held and used solely for charitable and benevolent purposes. It is further admitted that the property in question has been improved by the construction of a foundation for a building at an expense of over

$50,000, and that this property was acquired and is held for the general purposes of the organization, namely, benevolent and charitable purposes, and that it is the intent and purpose of the owner shrine association to complete such structure and building upon the lots to be used for its general purposes as soon as the necessary funds therefor can be secured. It is also admitted that from the date of acquiring title by the association the property was held exempt from taxation by the tax officers of the City and County of Denver until the month of July, 1929, when defendant McGlone's predecessor, as county assessor and treasurer, wrongfully and without warrant of law levied and assessed a tax against it.

██ ██ In their brief counsel for defendants in error summarize their views in these two propositions: 1. That under the Colorado law exemption from taxation can only apply to lots by virtue of some building erected thereon and used for strictly charitable purposes. 2. That such exemption cannot apply to lots held with the intention of being devoted to exempt purposes at some time in the future. A sufficient answer is that at the cost of about $50,000 a cellar has been excavated upon these premises and stone walls thereon erected upon which the superstructure of a building will be erected as soon as business conditions permit. Counsel for the county treasurer evidently construe our constitutional and statutory provisions in question as requiring a building to be entirely completed before the same can escape taxation. There are a number of decisions in other jurisdictions to the contrary. A structure is a building under the arson statute, although it is yet incomplete and unfurnished. *Commonwealth v. Squire*, 42 Mass. (1 Metc.), 258, 259. In *Scott v. Goldinghorst*, 123 Ind. 268, 24 N. E. 333, the word "building" under the mechanic's lien law does not mean a completed building. In *Baker v. Waldron*, 92 Me. 17, 42 Atl. 225, foundation walls are held to be a building under the mechanic's lien law, although no superstructure was ever built. It would seem,

therefore, that the foundation which the shrine association has made, or caused to be made, upon these premises is a building, at least a part of a building. In *New England Hosp. v. Boston,* 113 Mass. 518, in addition to its main plant and buildings, the hospital purchased some vacant lots for the purpose of erecting an additional hospital building thereon. Plans had been made by an architect, a location for the building was selected and that was all that was done towards the work of erecting a building. The court in that case said that inasmuch as this admittedly charitable institution had purchased the lots for the purpose of erecting the building thereon, and was proceeding with the preliminary measures necessary for its erection, the land must be deemed to be occupied for the charitable purposes for which the hospital was incorporated and was therefore exempt.

 This court may take judicial notice of the fact that many similar efforts towards the erection of buildings in this country have been undertaken, but not completed, because of the present world-wide depression. The lots in question were purchased by the shrine association and a portion of the building which it proposes to erect has been done at the cost of $50,000 and the purpose of the Shrine is to complete the same for a benevolent, charitable use as soon as business conditions improve.

The judgment of the district court in dismissing plaintiff's complaint and entering judgment against plaintiff for costs is vacated and set aside.