## No. 15,965.

PARRY ET AL. *v.* CITY AND COUNTY OF DENVER.
(189 P. [2d] 713)

Decided February 2, 1948.

Mr. E. CLIFFORD HEALD, for plaintiffs in error.

Mr. J. GLENN DONALDSON, Mr. ABE L. HOFFMAN, for defendant in error.

MR. JUSTICE ALTER delivered the opinion of the court.

CITY and County of Denver, defendant in error here, instituted this action against Richard O. Parry, John M. Gardner and Allie M. Gardner, plaintiffs in error, to recover possession of certain plans and specifications for the foundation of a structure, which plans allegedly were part of the permanent records in the office of the chief building inspector, the possession of which, counsel for plaintiff states, was unlawfully withheld by defendants. Trial was to a jury, which rendered its verdict in plaintiff's favor, and judgment was duly entered thereon.

Defendants here seek a reversal of the judgment.

In the first cause of action of the complaint, it is alleged that in February, 1921, defendants Parry and John M. Gardner filed with the chief building inspector of plaintiff City and County certain foundation plans—the subject of this litigation—for a proposed structure to be erected on certain lots in Denver, for which a building permit was duly issued. It is alleged that the plans and specifications were for a building of a public nature and that thereafter, and about June 1, 1946, defendant Parry wrongfully withdrew them from the office of the chief building inspector, and they are now retained by defendants, who have refused to comply with repeated demands for their return.

In the second cause of action it is alleged that the plans and specifications are public records, and that the same are wrongfully withheld from plaintiff by defendants.

Separate answers were filed by defendant Parry, and for the defendants Gardner, which, for all practical purposes, raise the same defenses, and said answers will be treated as one. There is a denial that the plans and specifications were for a building of a public character, or any building; an admission that the plans and specifications were withdrawn from the office of the chief building inspector by one of the defendants and the re-

tention thereof, and it is alleged that under the applicable municipal ordinance of plaintiff, defendants had a right to their possession and that they were voluntarily returned to them by the chief building inspector.

In the third defense it is alleged that an architectural contract was executed by the owner of the property and defendants Parry and John M. Gardner, under which the latter were to prepare plans or drawings for certain improvements to be erected upon the owner's property, by which contract it was agreed that the plans and specifications should remain the property of the architects; also the contract provided that certain compensation was to be paid the architects for their services rendered, and that there now remains due and owing them from the original owner a sum of $4,000 therefor. There is an additional allegation that the owner has parted with the title to the property upon which the foundation was built; that the present owner has contracted to sell the lots; but that the prospective purchaser has declined to consummate the purchase until furnished with plans and specifications so that the suitability of the foundation on said lots for his use may be determined.

We do not deem it necessary to consider certain other defenses which are set out in the pleadings.

The jury answered interrogatories submitted to it as follows: "Do you believe the foundations placed upon the premises were of a building of a public character? Yes. Do you believe that the foundation was a part of a proposed building of a public character? Yes."

There are four specifications of points, all of which are directed to the question of plaintiff's right to the possession of the plans and specifications, under applicable ordinances.

The plans and specifications were, as is alleged, filed in the office of the building inspector in February, 1921, and remained there until June, 1946. The records in the office of the chief building inspector classified these

plans and specifications as permanent records, and the ordinance of plaintiff in effect at the time they were lodged in the office of the inspector is section 176, article II, chapter 8, Municipal Code 1917, which reads as follows: "In all cases plans and specifications, sufficient to enable the building inspector to obtain full and complete information as to the character of the work proposed to be done under the permit, shall be filed with the application for permit, and if the cost of the work is to exceed fifteen hundred dollars ($1500.00), complete plans and specifications showing and describing all parts of the construction shall be submitted, and upon the issue of a permit a true copy of said drawings and specifications, signed by the architect or owner, shall be filed in the building inspector's office and remain on file there until completion of all building operations had under said permit, when they shall be returned to the party who filed them; such plans and specifications so filed shall not be open to the inspection of others than those interested in the building or structure, and if not claimed by the proper party within three (3) months after completion they shall be destroyed. *All plans and specifications of buildings of a public character shall remain on file permanently in the building inspector's office.*" (Italics ours)

Subsequently, in 1926, a new building code was enacted (chapter XV, Municipal Code 1927), and therein is found section 199 (a), article 1, which section is in effect a reenactment of parts of section 176, supra, and, with respect to the retention of plans by the building inspector, provides: "If plans and application conform to the requirements of this code and of all ordinances and to the state laws where applicable, the chief building inspector shall, upon payment of the permit fee, issue a permit and mark the plans 'Approved,' *retaining for his file one complete set of such approved plans, drawings and details,* returning the balance, except the application, to the applicant." (Italics ours)

Section 196, chapter XV of the Municipal Code 1927, provides, inter alia: "In case a permit has been issued for the construction, alteration, repair, removal or occupancy of a structure and work has been commenced previous to the time this ordinance takes effect, the provisions of law and ordinance in effect when such permit was granted, shall govern."

The 1927 code, supra, also provides by section 521: "This building ordinance is hereby declared to be a remedial ordinance and is to be construed liberally to secure the beneficial interests and purposes thereof. All ordinances and parts of ordinances inconsistent or in conflict herewith are hereby repealed."

Subsequently, in 1935, plaintiff adopted a new building code (Official Building Code), in section 203 of which will be found the following with reference to plans and specifications filed with the chief building inspector when a permit is requested: "When the Building Inspector issues the permit he shall endorse in writing or stamp both sets of plans and specifications 'Approved.' *One such approved set of plans and specifications shall be retained by the Building Inspector as a public record,* and one such approved set of plans and specifications shall be returned to the applicant, * * *" (Italics ours)

The 1935 code further provides, section 4702: "The specifications, ordinances and regulations which are referred to in various parts of this Ordinance are hereby declared to be a part of such Ordinance when not in conflict with a specific statement contained in the body of this Ordinance to the contrary. *Copies of such specifications, ordinances and regulations shall be kept on file in the office of the City Clerk and in the office of the Chief Building Inspector."* (Italics ours)

This 1935 building code, by section 4703 thereof, repealed all ordinances, or parts of ordinances in conflict therewith, and specifically repealed certain articles and chapters found in the 1927 Municipal Code.

A study of the provisions of the Municipal Codes of

1917 and 1927 with respect to buildings, and permits therefor, together with those of the 1935 Building Code of City and County of Denver, persuades us that, while under the 1917 Municipal Code some plans and specifications could be withdrawn after the completion of the work specified therein and a proper inspection thereof, subsequent to 1926 the original or copies of all plans and specifications were to be retained in the office of the building inspector. The 1926 ordinance and the 1935 Building Code evidence a legislative intent to enlarge, rather than restrict, the provisions of the 1917 Municipal Code. It is evident that defendants' claim to possession of the plans and specifications must be founded entirely on the building provisions of the 1917 Municipal Code, for otherwise, as we construe the 1926 and 1935 codes, no plans or specifications upon which a permit had been issued could be withdrawn from the office of the building inspector. Having reached this conclusion, and assuming that the claim to the right of possession of the plans and specifications asserted by defendants is based upon the 1917 Municipal Code, it becomes important to determine whether the plans and specifications here in question are "plans and specifications of buildings of a public character."

Defendants' contention is that the building permit here involved was for the construction of a foundation only, and in this contention they are supported by the record. They further contend that it is not a building of a public character; that in fact, it is not a building at all. The question of the character of the construction, as we have said, was submitted to the jury by special interrogatories, and it answered that, "The foundations placed upon the premises were of a building of a public character," and "That the foundation was a part of a proposed building of a public character." There are many decisions in other jurisdictions which would support the jury's answers to these interrogatories, but we do not deem it necessary to call attention thereto. The

question is, we believe, definitely settled in Colorado by our opinion in *El Jebel Shrine Ass'n v. McGlone*, 93 Colo. 334, 26 P. (2d) 108. Therein was involved the exemption from taxation of this very property under the provisions of section 5, article X of our Constitution, and statutes enacted to effect the provisions thereof, and we held that the foundation which was constructed on the identical property here in question was a building, or, at least, a part of a building.

In June, 1946, when Mr. Parry, one of the defendants, obtained possession of the plans and specifications here involved, he filed a receipt therefor and withdrew them for the ostensible purpose of having photographic copies made for their preservation in event of fire. Such copies were completed, and a plaintiff's witness testified definitely that when the plans and specifications were withdrawn by Mr. Parry he promised to return them; but as to this, Mr. Parry's recollection is hazy. According to plaintiff's witnesses, when demand was made on Mr. Parry for the plans and specifications, he promised to return them and offered various excuses for not having done so previously, but never, until the trial of this action, so far as the record reveals, did he assert that he was entitled, as a matter of right, to their possession. Assuming the truth of the testimony introduced on behalf of plaintiff—and the jury evidently believed it—under no circumstances could defendants, having withdrawn the plans and specifications for a specific purpose, assert a right to their possession as against the party having possession at the time of withdrawal. Defendant Parry having requested, and received, the plans and specifications from the office of the chief building inspector, signed the receipt therefor, and promising to return them after using them for a specific purpose, he is estopped to question the right of the inspector to their possession. If Parry or defendants had a right to the possession of these documents and were denied that right, their remedy was in replevin.

In harmony with our decisions in *El Jebel Shrine Ass'n v. McGlone, supra,* and in accordance with the jury's answers to the interrogatories propounded to them in the trial of the instant case, we conclude that the foundation on the lots here involved is a building or a part of a building of a public character; that the plans and specifications therefor became a part of plaintiff's public records, and, therefore, it was entitled to retain the possession thereof against any claim of defendants.

The judgment is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.