No. 16,292.

CITY AND COUNTY OF DENVER ET AL. *v.*
GEORGE WASHINGTON LODGE ASSOCIATION.
(217 P. [2d] 617)

Decided April 3, 1950.

Mr. J. GLENN DONALDSON, Mr. CHARLES H. HAINES, for plaintiffs in error.

Mr. OMAR E. GARWOOD, Mr. MILTON C. GARWOOD, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

DEFENDANT in error, plaintiff below, is a holding corporation for the use and benefit of a Masonic lodge, and its property is alleged to be held and owned strictly and exclusively for mutual, fraternal, benevolent and charitable purposes. On September 18, 1946, it contracted for the purchase of the real estate here concerned for the sole purpose, as is alleged, of building and maintaining thereon a building suitable for the use of said Masonic lodge, and has paid the sum of $23,000 on the $30,000 purchase price. Upon signing the contract, plaintiff made application to the Municipal Zoning Board for re-zoning to permit the erection of a Masonic Temple on the property and the classification was changed so to permit. An architect, as a friendly gesture, prepared a first sketch for submission to the Zoning Board. So far as appears from the record, no further plans have been prepared. On August 11, 1947, plaintiff association executed a lease of said property to the City and County of Denver for the term of two years from and after the 15th day of August, 1947, for the consideration of $1.00, for use of said property for junior base ball and soft ball fields, with the proviso that "if lessor does not expect to make use of said property within the next succeeding year, lessee may hold over as a tenant from year to year thereafter." This action was brought for de-

claratory judgment determining the right to exemption of said property from taxation.

Section 5, Article X, of our Constitution, under which exemption is claimed, reads: "Property, real and personal, that is used solely and exclusively * * * for strictly charitable purposes * * * shall be exempt from taxation, unless otherwise provided by general law." Section 22, chapter 142, '35 C.S.A., insofar as here pertinent, reads: "The following classes of property shall be exempt from general taxation, to wit: * * * Fourth: Lots with the buildings thereon, if said buildings are used for strictly charitable purposes."

Upon hearing, the trial court found in favor of plaintiff, saying:

"As indicated by counsel, the Supreme Court of Colorado has gone pretty far in liberalizing and interpreting the Constitutional provision exempting certain property from taxation. For this case to be decided in favor of the plaintiff would require only another step in the same direction. From all indications, I think the Court will go that other step in this case.

"The expenditure of $23,000.00 for the purchase of the lots, the preparation of quite elaborate plans and specifications for a building, and an application to the City for re-zoning, are all things that could be considered by the Court in the same class as tearing down an old house. It is a very small step to take. This is not a case which would require a reversal of the trend indicated by the decisions of our Supreme Court in the past."

The trial court correctly noted the trend indicated by the decisions of this court. That trend has been evident in our decisions as to the rule of construction in regard to exemptions from taxation. In *Commissioners v. Colorado Seminary,* 12 Colo. 497, 21 Pac. 490, it was held that a limitation on the taxing power should be strictly construed, and every reasonable doubt resolved against it. In *Bishop and Chapter of the Cathedral of St. John*

*v. Treasurer of Arapahoe County*, 29 Colo. 143, 68 Pac. 272, it was said: "The general rule is, that exemptions from taxation are strictly construed, but this rule is not applied with full vigor to the character of exemptions under consideration. In other words, provisions exempting property used for educational purposes are less strictly construed than those exempting property used for ordinary gain or profit." In *Colorado Seminary v. Board of County Commissioners of Arapahoe County*, 30 Colo. 507, 71 Pac. 410, it was said that, "The construction should be reasonably strict, but not so strict as to defeat the obvious intention of the general assembly." In *Pitcher v. Miss Wolcott School Ass'n*, 63 Colo. 294, 165 Pac. 608, it was said that the Cathedral of St. John case, supra, "is authority for a liberal construction of the provisions for exemptions," but that, "the meaning of the law must be ascertained by a construction within its spirit, purpose and policy, not opposed to its letter." In *Horton v. Colorado Springs Society*, 64 Colo. 529, 173 Pac. 61, it was said regarding construction of tax exemption statutes: "This court has heretofore adopted the liberal or broader rule," and this rule of liberal construction has been subsequently followed in numerous decisions, but not without vigorous dissent.

This trend is apparent in the application of the fourth subdivision of the statute, which exempts "lots with the buildings thereon, if said buildings are used for strictly charitable purposes." Such exemption in no uncertain words requires: (1) that there be a building or buildings on the property, and (2) that such buildings be then used for strictly charitable purposes. In *El Jebel Shrine Ass'n v. McGlone*, 93 Colo. 334, 26 P. (2d) 108, after citing cases in which structures were held to be "buildings" under an arson statute, and under a mechanics' lien law, although not fully completed, we held that a mere foundation constituted a "building" as required under the tax exemption statute. The second requirement of the statute, that the building be presently

used for strictly charitable purposes, was not explored. Apparently future intent was deemed equivalent to present use. In *McGlone v. Baptist Church,* 97 Colo. 427, 50 P. (2d) 547, we held that the tearing down of the buildings on a property preliminary to the erection of a new building to be used for religious or charitable purposes was sufficient evidence of bona fide continuing intention to construct a building for charitable use to bring the lots within the exemption statute. In the present case, we are asked to go one step further and hold that the mere purchase under contract of a vacant property, with a general intent at some future date to erect thereon a building to be used for a charitable purpose, would, by some legal fiction, create both a building and establish its present use for a strictly charitable purpose. It is not surprising, in view of the former decisions of this court, that the trial court so held. However, a departure is nonetheless a departure because it is made step by step, and it appears high time for this court to determine, not merely how far we have departed from the last departure, but whether we have departed from the requirements of the statute itself. That statute does not exempt lots intended as building sites if the buildings to be erected are intended to be used for strictly charitable purposes, but only lots *with* the buildings thereon if said buildings *are* used for strictly charitable purposes. When, as here, there is neither the present charitable use nor the vestige of a building in which such use might be carried on, there appears to be no possible basis for exemption, except sympathy for a purpose which we may regard as commendable. As said by Mr. Justice Holland, in the dissenting opinion in *McGlone v. Baptist Church, supra,* "The erection of a building, or part of a building, such as would bring this property within the meaning of the exemption provision of the Constitution and statute, as well as the rule announced by this court, is only a pos-

sibility. Exemptions from taxes are neither based, nor allowed, on possibilities."

In deciding the El Jebel case more than sixteen years ago, this court took judicial notice of the fact that the existence of a world-wide depression had prevented the completion of many similar buildings. Today we cannot be blind to the fact that the property there involved, situated in close proximity to the State Capitol grounds, remained through many years unused for any purpose, the building still incomplete, the property exempt from taxation and the original intent long obscured.

■ Under similar constitutional and statutory provisions, it has been generally held in other jurisdictions that property held with the intention of erecting thereon at some future time buildings for purely charitable purposes is not exempt from taxation. Among the cases involving the construction of similar statutes may be noted the following: *Montana Catholic Missions v. County of Lewis & Clarke,* 13 Mont. 559, 35 Pac. 2, 22 L.R.A. 684; *Presbyterian Board of Relief v. Fisher,* 68 N. J. L. 143, 52 Atl. 228; *Institute of Holy Angels v. Borough of Ft. Lee,* 80 N. J. L. 545, 77 Atl. 1035; *Babcock v. Leopold Morse Home,* 225 Mass. 418, 114 N.E. 712; *Philadelphia v. Jewish Hospital Ass'n,* 148 Pa. 454, 23 Atl. 1135.

Accordingly, we must hold that the property described in plaintiff's complaint is not exempt from taxation and may and should be assessed for taxation as other property not exempt.

The judgment is reversed and the case remanded for further proceedings not inconsistent with the views herein expressed.

Mr. Chief Justice Hilliard dissents.