290

No. 17,309.

GRACE CALVARY CHURCH *v.* CITY AND COUNTY OF DENVER.

(274 P. [2d] 983)

Decided October 11, 1954.   Rehearing denied November 1, 1954.

Mr. W. F. ROBINSON, JR., Mr. LAIRD CAMPBELL, Mr. THOMAS M. SULLIVAN, for plaintiff in error.

Mr. JOHN C. BANKS, Mr. CHARLES H. HAINES, Mr. WESTEL B. WALLACE, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the Court.

GRACE CALVARY CHURCH, a religious corporation, appeared as plaintiff, and City and County of Denver, a municipal corporation, as defendant, and filed an agreed statement of facts under the provisions of Rule 7 (d) R.C.P. Colo. Upon trial judgment was entered in favor of defendant. Counsel for plaintiff have sued out a writ of error and urge a reversal of the judgment.

The pertinent parts of the agreed statement of facts are as follows:

"This is a suit under the provisions of 1935 Colorado Statutes Annotated as Amended, Chapter 142, Section 281, to recover taxes paid.

"1. That the City and County of Denver is a municipal corporation.

"2. That the Grace Calvary Church is a religious corporation duly organized and existing under and by virtue of the laws of the State of Colorado.

"3. That the Grace Calvary Church acquired Treasurer's Deeds dated March 8, 1946 and recorded March 19, 1946, in Book 6018, pages 372-81, records of the City and County of Denver, to the following described real property situate in the City and County of Denver, State of Colorado, to wit: Lots 14 to 23, Block 28, Stebbins Heights.

"4. The Grace Calvary Church acquired said property for the purpose of erecting the church building thereon.

"5. That on or about October 1946, through their then pastor, the Grace Calvary Church attempted to apply for a building permit from the Building Department of the City and County of Denver but was advised that a formal application would not be accepted since it would be denied in any event because the property was within the proposed boundaries of the Valley Highway, that to permit construction would necessitate the acquisition by the City of not only the lots but the structure and consequently, they would not allow a building to be erected on said premises.

"6. That said Grace Calvary Church thereafter made application to the Assessor and the Board of Equalization for tax exemption of said real property on the ground that it is a religious corporation; that said application was denied on the ground that there were no buildings on said property used exclusively for religious purposes.

"7. The question to be determined in this adjudication is whether or not the Assessor and Board of Equalization

of the City and County of Denver can assess and tax the unimproved real estate of the church and deny to the church a tax exemption status on the grounds that there are no buildings on said land used exclusively for religious purposes after the Building Department has refused to accept an application for building permit and to issue said permit.

"Wherefore, the plaintiff and defendant pray that the Court determine the rights of the parties hereto."

The trial judge, in his findings and judgment, indicated that they were based upon our decision in *Denver v. George Washington Lodge Association*, 121 Colo. 470, 217 P. (2d) 617.

Plaintiff relies entirely upon the decisions of our *Court* in *El Jebel Shrine Association v. McGlone*, 93 Colo. 334, 26 P. (2d) 108, and *McGlone v. First Baptist Church of Denver*, 97 Colo. 427, 50 P. (2d) 547, and *Denver v. George Washington Lodge Association*, *supra*.

In *Denver v. George Washington Lodge Association*, *supra*, Mr. Justice Stone, the author of the opinion, distinguished, among others, the decisions in the El Jebel Shrine Association and McGlone cases, and after having done so, said with reference thereto: "In the present case, we are asked to go one step further and hold that the mere purchase under contract of a vacant property, with a general intent at some future date to erect thereon a building to be used for a charitable purpose, would, by some legal fiction, create both a building and establish its present use for a strictly charitable purpose. It is not surprising, in view of the former decisions of this court, that the trial court so held. However, a departure is nonetheless a departure because it is made step by step, and it appears high time for this court to determine, not merely how far we have departed from the last departure, but whether we have departed from the requirements of the statute itself. *That statute* [section 22, chapter 142, '35 C.S.A.] *does not exempt lots intended as building sites if the buildings to be erected are in-*

*tended to be used for strictly charitable purposes, but only lots with the buildings thereon if said buildings are used for strictly charitable purposes.* When, as here, there is neither the present charitable use nor the vestige of a building in which such use might be carried on, there appears to be no possible basis for exemption, except sympathy for a purpose which we may regard as commendable, * * * " (Italics ours.)

■ In *Denver v. George Washington Lodge Association, supra,* an exemption from taxation was sought by virtue of the fourth paragraph of section 22, chapter 142, '35 C.S.A., which reads: "Lots with buildings thereon, if said buildings are used for strictly charitable purposes." In the present case the tax exemption is sought under paragraph second of said section, which reads: "Lots with the buildings thereon, if said buildings are used exclusively for religious worship." In the case here under consideration it is admitted that there is no building on plaintiff's lots "used exclusively for religious worship." Therefore, there is no compliance with the statutory provisions entitling plaintiff to an exemption. Parenthetically, we might say that to hold otherwise would do violence to the pertinent statute and would be an exercise of a legislative, rather than judicial, function. The attempt of plaintiff in an informal application for a building permit made to defendant's "Building Department," and the latter's denial, in nowise strengthens plaintiff's position. Our Court's decision in *Denver v. George Washington Lodge Association, supra,* is controlling in this cause.

The judgment is affirmed.