CASE 114—ACTION BY CITY OF LOUISVILLE AGAINST THE GERMAN GYM-
NASTIC ASSOCIATION OF LOUISVILLE FOR CITY TAXES.—APRIL 15.

# German Gymnastic Assn. of Louisville v. City of Louisville.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY FIRST DIVISION.

FROM A JUDGMENT FOR THE CITY THE DEFENDANT APPEALS. REVERSED.

TAXATION—EXEMPTION—EDUCATIONAL INSTITUTION—GYMNASIUM.

Held: 1. A gymnastic association, where regular gymnastic exercises are taught, and a teacher in physical culture is constantly employed, is an institution of education, within Const., section 170, exempting such institutions from taxation.

ERNEST MACPHERSON, LEWIS N. DEMBITZ AND GEORGE A. BRENT, ATTORNEYS FOR APPELLANT.

The only question in this case is this:

Is or was not the property of the appellant, association, exempt from taxation under the clause of the Constitution exempting "institutions of education not used or employed for gain by any person or corporation, and the income of which is devoted solely to the cause of education?"

The above clause contains two requisites:

1. The purpose must be education.

2. There must be no gain or profit to any person or corporation.

(1) We submit that education is in the main threefold: physical, mental and intellectual.

Among the ancient Greeks the *palaestra* or wrestling hall, was frequested as much as the *grammata* or reading and writing class. Among the Romans the two indispensable accomplishments of every citizen were *scribere et natare*, to write and to swim; and as physical is the oldest branch of culture, so it is also the most favored in the present time and in our own country. Whether this is really necessary, is not for the courts to decide; it is enough for our purpose that a great number of persons honestly believe in the advantages of teaching physical culture to both boys and girls.

In its broadest sense, the word education comprehends not merely the instruction received at school or college, but the whole course of training, moral, intellectual and physical.

2. The appellant, association, is not a share company. There are no dividends, no stock. Nor are there any advantages to the members which would bear a money value.

### CITATIONS,

Civil Engineers, 19 Q. B. Div., 610; Omaha College v. Rush, 22 Neb., 449; Bishop v. Treasurer, 60 Pac., (Col) 172; Herman Boys' School v. Gill, 145 Mass., 146; Ruchs v. Backer, 6 Heisk Tenn., 395; Santa Clara Female Academy v. Sullivan, 116 Ill., 375; Orphan School v. City Louisville, 100 Ky., 470; Russell v. Allen, 107 U. S., 172; Detroit Home School v. Detroit, 76 Mich., 521; Com. v. Gray, 25 R., 52; People, &c. v. Comr. of Taxes, 6 Hun., 109; People, &c. v. Barber, 42 Hun., 27, 31; Hennepin County v. Grace, 27 Munn, 503; Cassiano v. Ursuline Academy, 64 Tex., 673; Barbour v. City Louisville, 83 Ky., 95; Com. v. Owensboro R. R. Co., 95 Ky., 60.

H. L. STONE, CITY ATTORNEY, FOR APPELLEE.

1. From the testimony it is clear that appellant is what its name imports, merely an association to promote physical culture, in other words, a social club whose members and their families obtain certain benefits or *gain* by the payment of fixed dues or charges per month or per annum.

They have entertainments from time to time and nothing is free to those who can pay.

Each member is required to pay six dollars per year in quarterly installments.

We submit that under the facts in the record, no exemption from city taxes within the meaning of section 170 of the State Constitution can be allowed the appellant in view of the construction given to that section by this court in Bosworth, Sheriff v. Kentucky Chautauqua Assembly, 23 R., 1393.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

The German Gymnastic Association of Louisville is a corporation by virtue of the act of the General Assembly of this Commonwealth approved March 4, 1854. It owns real property in the city of Louisville of the value of $15,000, where regular gymnastic exercises are taught. A teacher in physical culture is constantly employed, who instructs the members, and also one day of the week is devoted to the teaching of branches ordinarily taught in schools. Lectures and addresses are delivered, and occasionally discussions of timely topics take place. The association is maintained by the payment of monthly dues by the members. There are no shares of stock, and no one derives any pecuniary benefit from the association. Section 170 of the Constitution provides that "institutions of education not used or employed for gain by any person or corporation, and the income of which is devoted solely to the cause of education," shall be exempt from taxation. It is claimed that appellant is exempt from taxation by virtue of this provision of the Constitution. If it

was conceded to be an institution of education, it would not be exempt from taxation if it was used or employed for gain. The record shows that it was not so employed, so the only question to be answered is, is it an institution of education? Education is not confined to the improvement and cultivation of the mind. It may consist in the cultivation of one's religious or moral sentiments. It likewise may consist in the development of one's physical faculties. Those in charge of colleges and institutions of learning recognize this to be true. Their students are taught, not only the dead and modern languages, mathematics, and the sciences, etc., but the Bible and Christian evidences, and a gymnasium is maintained, and football and other athletic sports are encouraged. The cultivation of the mind, the improvement of our moral and religious natures, and the development of our physical faculties are necessary to perfect education. The framers of the Constitution did not use the term in such a restricted sense as to exclude exercises which tend to develop strength. This is of as much importance to the State as is the acquisition of a knowledge of Latin, Greek, mathematics, etc.

In Mt. Hermon Boys' School v. Gill, 145 Mass., 146, 13 N. E., 354, the court said: "Education may be particularly directed to either the mental, moral, or physical faculties, but in its broadest and best sense it relates to them all." In Ruohs v. Backer, 6 Heisk., 395, 19 Am. Rep., 598, the court said: "In its broadest sense the word 'education' comprehends not merely the instruction received at school or at college, but the whole course of training, moral, intellectual or physical." In People v. Barber, 42 Hun, 27 the court said: "Suitable recreation and physical exercise are deemed requisite to health and successful culture." If one insti-

tution afford an opportunity to acquire this perfect education, it is one of education. If three institutions are organized—one seeking by a course of instruction to cultivate the mind, one by a method of instruction to improve students' religious or moral conditions, and another to teach physical culture to produce a better physical development, each is an institution of education, as much as the one at which the student can require the threefold knowledge. It is simply a matter of judgment or convenience, on the organization of institutions of education, whether one shall furnish all the opportunities for the acquisition of an education or whether there shall be separate institutions for that purpose. Our conclusion is that the appellant is an institution of education, not employed for gain, and is exempt from taxation.

The judgment is reversed for proceedings consistent with this opinion.

Chief Justice Burnam and Judge Hobson, dissent.