CASE 117—ACTION BY L. F. PIERCY AGAINST S. G. SMITH AND OTHERS.
    FOR INCREASE IN HIS SALARY AS SCHOOL SUPERINTENDENT.—
    APRIL 20.

# Piercy v. Smith & Others.

APPEAL FROM CLINTON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   AFFIRMED.

SCHOOLS— COUNTY  SUPERINTENDENTS—SALARIES— ESTABLISHMENT—
    STATUTES—AMENDMENT—EFFECT.

Held:   1. Under Const., sections 161, 235, prohibiting the changing
    of any official's salary after his election or appointment during
    his term of office, the amendment of Kentucky Statutes, 1903,
    section 4419, fixing the compensation of county school super-
    intendents at not less than $250 nor greater than $1,500, by
    raising the minimum salary to $400, did not apply to a superin-
    tendent elected prior to the passage of such amendment.
2. Kentucky Statutes, 1903, section 4419, requires that the salary of
    the county superintendent of schools shall be annually allowed
    by the fiscal court of his county, based on the number of chil-
    dren reported in the school census, and shall not be less than
    eight nor more than twenty cents for each pupil, except that the
    salary shall not be less than $250 nor more than $1,500, and
    Const., sections 161, 235, prohibit the changing of an official's
    salary after his election or during his term of office.   HELD
    that, in the absence of a general order fixing the salary of a.
    county superintendent before his election, the allowance for the
    first year, made after his election, should be taken as the basis
    for fixing the salary of future years of the term, not less than
    the minimum prescribed by the statute in force at the time of
    his election.

Piercy v. Smith and Others.

E. BERTRAM, ATTORNEY FOR APPELLANT.

We contend:

1. That the salary of the school superintendent must be fixed annually, and at the end of the year for which the salary is to be paid, and the amount allowed for any one year can not have any influence on the amount of salary for the succeeding year. But the court must fix the salary for each year within the limits prescribed by law in force at the time the salary is fixed. Kentucky Statutes, section 4419 as amended by the Act of March 21, 1902.

2. Appellant is required under the amended act to render additional services, and he is certainly entitled to a salary fixed within the limits of the act as amended. The additional services required certainly takes this case out of the inhibitions of sections 161 and 235, of the Constitution.

STONE & STONE, ATTORNEYS FOR APPELLEES.

Our contention is, that the fiscal court having fixed the salary of the appellant as county superintendent of schools at $275 annually as required by the law in force at the time of his election, it can not be changed during his term.

## AUTHORITIES CITED.

Kentucky Statutes, sec. 4419; Constitution, secs. 161, 235; Acts Gen. Assembly, 1902, vol. 1, p. 129 to 139; Com. by &c. v. Adams, Clerk, 16 Ky., 136; City Louisville v. Wilson, 18 Rep., 428; Bright v. Stone, Auditor, 20 Rep., 817.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellant was elected county superintendent of common schools for Clinton county, November, 1901, when the law as to the compensation of such officers was as embraced in section 4419, Ky. St. 1903; that is, his salary should be allowed annually by the fiscal court of his county, based on the number of children reported in the census report of the district trustees of such county, which salary should not be less than eight cents nor more than twenty cents for each pupil child thus reported, but wherein it

was provided "that no salary shall be less than $250 nor greater than $1,500." After appellant had assumed the duties of his office, by an act approved March 21, 1902, section 4419, *supra*, was amended so as to provide that the minimum salary to be paid the superintendent should not be less than $400 and that the maximum should not be greater than $1,500 annually. The minimum and maximum per capita rate by which the salary might be regulated was not altered by the amendment. Clinton county had not exceeding 2,600 population within the school age. At the first term of the fiscal court after appellant's election, it fixed his salary at $275 per year. This suit is to increase the allowance to the minimum of $400 provided in the amendment of March, 1902. The circuit court adjudged that the amendment did not apply to those in office when the amendment was adopted. Sections 161 and 235 of the Constitution prohibit the changing of any official's salary after his election or appointment or during his term of office. These sections have been construed in Marion County Fiscal Court v. Kelly 22 R. 174, 56 S. W. 815; Barrett v. Falmouth, 109 Ky. 151, 22 R. 667, 58 S. W. 520; Bright v. Stone, Auditor, 20 R. 817, 43 S. W. 207; and Butler County v. James, 24 R. 801, 76 S. W. 402. In the last named case construing the foregoing constitutional provisions, the court said: "It is the duty of the fiscal court to fix the salary of the county judge and other county officers, to be allowed by it, before their election—that is there should be a general order fixing the salaries, and not an allowance each year for that year; and when the salaries are once fixed they can not be changed to affect those already elected or appointed, and any change will not take effect until after the next election or appoint-

Piercy v. Smith and Others.

ment." In the last named case it was held that, although the fiscal court had not, by a general order, fixed the salary of the county official, they could do it after his election, as otherwise it could not be fixed at all; and that the failure of the fiscal court to do its duty in that respect could not be permitted to deprive the official of his reasonable compensation guarantied him by law. The statute under consideration in this case did not fix the county superintendent's salary at either $250 or any other specific sum. It conferred upon the fiscal court the power to fix the salary, but limited it within the restriction that it should not be less than eight cents nor more than twenty cents for each pupil child reported, and providing that the total sum thus arrived at should not be less nor greater than the extremes stated. It occurs to us that it was the purpose of the Legislature in this provision that the fiscal court, in making the allowance, should base it upon a rate per pupil reported, which was to be definitely stated in the order, and within the limitation above noticed. But it was also contemplated that the number of pupils in certain counties might be so few, and in certain others so great, as that in the one instance inadequate compensation would thus be provided, while in others, based upon the same rate, exorbitant salaries might be allowed. The further limitation was imposed that the minimum and maximum amounts allowed upon the per capita rate should control the fiscal courts. An appropriate order in this case, if the fiscal court deemed that $275 would be a fair compensation for the service of its county superintendent, would have been to have allowed say 15 10-13 cents for each pupil child reported. It was evidently contemplated, in thus fixing salaries of these officials in this manner, that

it would be a special inducement to them to be vigilant in looking after and reporting the full number of child population entitled to be enrolled in the school census. As the total number so enrolled might increase or decrease in the different years of the official's term, the total amount of his salary would be increased or diminished by that fact, yet the rate of allowance originally fixed would remain the same. For example, a statute fixing certain fees for the service of clerks of courts is deemed under this section of the Constitution to be irrevocable during the term of the incumbent, although that officer's salary in the aggregate might fluctuate according to the business done each year. This was expressly held in Bright's Case, *supra*. It was not competent for either the Legislature to change the law raising the minimum of salaries to be allowed to county superintendents, nor for the fiscal courts to change the rate per capita allowed and first fixed under the statute during the term of those who were in office. The effect of the allowance for the first year, made after appellant's election, it appearing that there was no general order fixing the salary before the election, when divided by the total number of pupil children reported for that year, will show the per capita allowance to be taken as the basis for fixing the salary of future years of the term, and the minimum to be allowed could not be less under the statute then in force, to-wit, $250 per year, whatever may be the number of children reported for such year.

The judgment of the circuit court is affirmed.