KETCHAM, S.    This case presents a distinction which is too often misunderstood or neglected.    Its recognition will save many useless applications to the court.    Where a testamentary trustee is imperatively directed to pay income to an infant, it should be paid in full to the general guardian, who in turn may apply it to the maintenance and education of his ward under the order of the court.    But where the trustee is required to exercise his discretion as to the use of the income, the gift to the child is only of so much of the income as the trustee shall properly determine to apply, and it is not for either the guardian or the court to interfere with the function of the trustee, unless it appear that he is exercising it perversely or unreasonably.

Too often trustees solely charged with the application of income have paid it to the guardian, and have thus not only deserted their trust, but have imposed a double commission and other expenses upon the infant's fund; while guardians are constantly asking leave to apply to the use of their wards moneys which are not within their control.    Here the guardian, who is the father, asks that the trustee pay him certain income, in order that he may use it in part to reimburse himself for past expenditures in taking care of his children, and in part to provide for their future care and maintenance.    The trust is to receive the income "and to apply same to the education of my said children."    There is no gift for support or maintenance, and the provision for education is itself subject to the discretion of the trustee.

Motion denied.

(71 Misc. Rep. 396.)

### In re FIELD'S ESTATE.

(Surrogate's Court, Chemung County.    March, 1911.)

TAXATION (§ 876*)—INHERITANCE TAX—EXEMPTIONS.

The Women's Christian Temperance Union, whose objects are the suppression of the liquor traffic by such means as shall be deemed expedient and to promote the cause of total abstinence, is an educational corporation, within the transfer tax law, and exempt from transfer taxes.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1693–1699; Dec. Dig. § 876.*]

In the matter of the appraisal of the estate of Sarah Irene Field. Assessment of transfer tax modified.

E. C. Miller, for appellant.
H. M. Lovell, for respondent.

McCANN, S.    By the last will and testament of Sarah Irene Field, a bequest was made to the Women's Christian Temperance Union of the State of New York.    In a proceeding for the assessment of the transfer tax, the county treasurer of Chemung county held such bequest taxable, and a pro forma order was made by the surrogate, assessing the tax accordingly.    An appeal has been taken from this order, and the only question presented is whether or not the Women's Christian Temperance Union of the State of New York is an "educational" corporation, under the provisions of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Transfer Tax Law (Consol. Laws 1909, c. 60) § 221, exempting property bequeathed to an educational corporation.

It has been held that the status of a corporation must be determined by the statute under which it is incorporated, and not by the nature of the acts it assumes to do thereunder. Matter of White, 118 App. Div. 869, 103 N. Y. Supp. 688. The articles of incorporation of this association define its purposes in the following language:

"The objects of such society or association shall be to promote throughout the state the cause of total abstinence from all intoxicating liquors as a beverage and the suppression of the liquor traffic by such means as shall from time to time be deemed wise and expedient."

The objects of the association are clearly set forth. The means by which such objects are accomplished are not so clearly set forth, but the certificate says:

"By such means as shall from time to time be deemed wise and expedient."

The evidence in this case shows that this association is engaged in carrying out its objects in a variety of ways. Much of it is accomplished, as has been stated, along evangelistic lines and among all classes of people, including colored people, Indians, and foreigners. The work is also carried on along strictly temperance lines, among classes of people who have fallen into the habitual use of intoxicating liquors. Another department works among those who have not yet become addicted, but whose business is such as to subject them to opportunities which might lead them into the liquor drinking habit. All of the foregoing methods may well be called educational in their nature; but, further than this, the association carries on a distinctly educational work in the schools of the state. The use and effect of intoxicants is taught in the classrooms, from authorized text-books, and the instruction as to the evil effects of alcohol is one of the required provisions of the school law of this state. It cannot, therefore, be questioned that this work is educational, not only in a broad sense, but in a specific sense as well. The word "educational," as used in the statute, can be applied to education, whether directed to the mental, moral, or physical powers and faculties. This association seems to have directed its work along all of these lines.

Matter of Mergentime, 129 App. Div. 368, 113 N. Y. Supp. 948, and Matter of Moses, 138 App. Div. 525, 123 N. Y. Supp. 443, have been cited as authorities to sustain the proposition that the appellant is an educational corporation, and I think that the arguments presented in each of the cases cited are applicable to the case now under discussion.

The order assessing the transfer tax in this estate should be modified, by exempting from taxation the legacy passing to the Women's Christian Temperance Union of the State of New York.

Decreed accordingly.