No. 12,971.

DENVER TURNVEREIN v. McGLONE.

(15 P. [2d] 709)

Decided October 24, 1932.

Mr. JACOB V. SCHAETZEL, Mr. JOHN S. GIBONS, for plaintiff in error.

Mr. JAMES D. PARRIOTT, Mr. FRANK L. HAYS, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A SUIT to enjoin threatened tax sale, the basis being that the property involved is exempt from taxation. The facts, in the development of which, other than cross-examination of plaintiff's witnesses, defendant made no contribution, are simple.

It appears that plaintiff is a corporation not for profit; that it owns lots in Denver on which there is a

474

one story building and basement, equipped with gymnastic apparatus, and having a floor suitable for dancing; that its purposes, to which it conforms, are to promote the physical and mental qualities of its members and others who may comply with its rules, conduct school in subjects commonly taught, singing societies, debating clubs, theatricals, and whatever may be incidental thereto, and to extend a charitable hand to those in need; that its doors are never guarded and all well-behaved persons, regardless of race or creed, are welcomed to its classes, and its charities, not restricted to its membership, are as extensive as its funds will admit. It further appears that plaintiff has a dues-paying membership of about two hundred fifty, men and women, and frequently at meetings, counting visitors, never denied, and children, there is an attendance of four hundred fifty, and sometimes as many as eight hundred gather within its doors; that aside from voluntary contributions it is mainly supported in its work by monthly dues from its membership, proceeds of bazaars and concerts, and rentals collected for occasional use of its building for dancing; that it neither plans for nor derives profit, and for the year particularly involved, and other years immediately preceding, its income from all sources was less than its outlay; that only the instructor in physical education, and the janitor or caretaker of the property, both regularly employed, receive compensation. It does not appear that its members, or their dependents or descendants, as such, have any claim to, or right in, any of its funds, however, raised, immediate or prospective. It further appears that for more than a half century plaintiff and its predecessors, of the same name and purpose, have pioneered and persevered in the matter of teaching physical culture in Denver and Colorado, and from the inception hitherto it has been a noteworthy institution in such educational endeavor.

Under section 5, article X of the Constitution, and section 7198, C. L. 1921, lots and buildings used solely and

exclusively for schools, or strictly for charitable purposes, and not held or used for private profit, are not subject to general tax levy. It is the plaintiff's claim that under the facts, and these sections, its property is exempt from taxation. The trial court held adversely to such claim, and error is prosecuted.

We think that notwithstanding plaintiff's charities are altogether worthy, its primary object may fairly be said to be educational. Through the years it has emphasized the teaching of physical culture and in that field is outstanding. Nothing done by it has been for gain, nor has profit resulted. In the case of *Bishop of the Cathedral of St. John v. County Treasurer,* 29 Colo. 143, 68 Pac. 272, consideration was given to these provisions of the Constitution and statutes, the claim for exemption being that the property involved was used solely and exclusively for educational purposes by the theological school of the Episcopal diocese of Colorado. The facts were that to a fourteen room residence, all used as such by the Episcopal bishop and his family, some half dozen students, living elsewhere, repaired for lectures and recitation, the bishop, principal instructor, devoting much of his time to other duties. Mr. Justice Gabbert wrote the opinion, and after stating generally that laws exempting property from taxation are strictly construed, said: "Provisions exempting property used for educational purposes are less strictly construed than those exempting property used for ordinary gain or profit." It was further observed by the learned justice that the object was to foster educational institutions by relieving their property from the burden of taxation. The meaning of the law, the court said, was to be ascertained by construction within its spirit, consonant with that which prompted the adoption of the provisions in question and which would give them full effect. The court concluded that only a narrow construction, doing violence to the intent of the people and legislature with respect to schools, not to be indulged, would operate to defeat the

claim of exemption, and adjudged accordingly. The spirit of this decision was approved in *Colorado Seminary v. Arapahoe County,* 30 Colo. 507, 71 Pac. 410. The case of *Bishop of the Cathedral of St. John v. Treasurer,* 37 Colo. 378, 86 Pac. 1021, determined that the property known as Oakes Home was exempt. There the institution was conducted as a home for people suffering with the disease commonly known as consumption. Money for construction and furnishing was donated by benevolent persons, but there had been no endowment with which to provide for maintenance or operation, and although a charge was made to all patients, it was held, nevertheless, that its purpose was charitable, and its property exempt from taxation. The court said at page 389: "We do not think that the right to exemption is affected by the fact that few pay, or all pay, so the amount received does not exceed the expenses, and the institution is not maintained for gain or profit, and the sums paid or contributed are devoted to the purpose for which the charity was founded." In *City and County of Denver v. Gunter,* 63 Colo. 69, 163 Pac. 1118, it was held that certain real estate, owned by the estate and under control of the board of trustees of Clayton College, not directly used by the institution in its activities, but from which it derived income employed in discharging its educational and charitable functions, was exempt. The court determined in *Horton v. Colorado Springs Masonic Building Society,* 64 Colo. 529, 173 Pac. 61, that property owned by that society was exempt, notwithstanding that in addition to receipt of rentals from various Masonic organizations, it conducted in the building a place for the sale of cigars, tobacco and other merchandise, and held dances and gave dinners patronized by non-members on an admission charge. In *Board of County Commissioners v. San Luis Valley Masonic Association,* 80 Colo. 183, 250 Pac. 147, we held that the property involved was exempt from taxation. Briefly, the facts were that the association was a corporation not for profit; that it

owned a quarter section of land in Rio Grande county, designated as "Masonic Park," on which there were three major structures, known as the "Association Building," the "Caretaker's House" and the "Order of the Eastern Star Building," all owned by the association and used for fraternal pleasure and recreational purposes; that the association was composed of several Masonic lodges situated generally in the neighboring country, and the individual members of said lodges and of other Masonic lodges; that it held the property in trust for the use and benefit of the Masonic fraternity and the families of Masons wherever dispersed, and without remuneration therefor; that while the association sold, to Masons only, leaseholds upon certain designated portions of said real estate for the erection of summer cottages, it retained title to the property and collected for the leases $25 per lot; that it received no profit or income from the use thereof, and claimed no ownership in improvements erected thereon; that such receipts and contributions from the several lodges interested and individual members of the fraternity, or from whatever source received, were used solely for Masonic purposes, including the maintenance of the grounds and the three principal buildings to which reference has been made. The court, disposing of the point, and speaking through Mr. Justice Sheafor, said: "Following the rule of liberal construction adopted in this jurisdiction, it seems quite clear that the property in question was exempt from taxation. From the admitted facts, it seems plain that the property was used strictly for charitable purposes within the spirit and meaning of the Constitution and statutes."

We conclude on the facts here that the plaintiff is conducting an educational institution worthy of encouragement, and one coming within the reasonable purview of the law making property, such as it owns, and used as appears, exempt from general taxation. As we have seen, the plaintiff emphasizes and teaches physical culture, held generally to be an important element in educational

development. As was said in *Mt. Hermon Boys' School v. Gill*, 145 Mass. 139, 146, 13 N. E. 354: "Education may be particularly directed to either the mental, moral, or physical powers and faculties, but in its broadest and best sense it relates to them all." In *Ruohs v. Backer*, 6 Heiskell (Tenn.) 395, 400, 19 Am. Rep. 598, the court said: "In its broadest sense, the word 'education' comprehends not merely the instruction received at school or college, but the whole course of training, moral, intellectual and physical." And in *People v. Barber*, 42 Hun (N. Y.) 27, 31, the court said: "Suitable recreation and physical exercise are deemed requisite to health and successful mental culture."

A case quite in point is *German Gymnastic Ass'n v. Louisville*, 117 Ky. 958, 80 S. W. 201, 111 Am. St. Rep. 287, 65 L. R. A. 120. There exemption of the association's property from taxation on facts in kind with those here, and under a constitutional provision to the same purport as ours, was claimed. The court, speaking of the association, said: "If it was conceded to be an institution of education, it would not be exempt from taxation if it was used or employed for gain. The record shows that it was not so employed, so the only question to be answered is, is it an institution of education?" The court proceeded then to say that education is not confined to the cultivation of the mind. Within the term would be comprehended the cultivation of one's religious or moral sentiments, and the development of one's physical faculties. Concluding its opinion the court there further said: "If one institution afford an opportunity to acquire this perfect education, it is one of education. If three institutions are organized—one seeking by a course of instruction to cultivate the mind, one by a method of instruction to improve students' religious or moral conditions, and another to teach physical culture to produce a better physical development, each is an institution of education, as much as the one at which the student can acquire the threefold knowledge. It is simply a matter of judgment

or convenience, on the organization of institutions of education, whether one shall furnish all the opportunities for the acquisition of an education or whether there shall be separate institutions for that purpose. Our conclusion is that the appellant is an institution of education, not employed for gain, and is exempt from taxation.''

On authority of our own decisions, and they are in harmony with what was the evident intent of the people in adopting the Constitution, and of the legislature in its enactments pursuant to the Constitution, and persuasive opinions in other jurisdictions, we conclude that the property described in the complaint is not subject to levy for general taxation, and the plaintiff is entitled to have it removed from the assessment roll. To that end, and for other pertinent orders, the judgment is reversed.