In the Matter of the Application of the BUFFALO TURN VEREIN, Petitioner, for a Writ of Certiorari to Review the Assessment of Its Real Estate in the City of Buffalo, New York, Made by CHARLES J. REULING and Others, Comprising the Board of Assessors of the City of Buffalo, New York, Respondents.

Supreme Court, Erie County, June 10, 1935.

*Klein & James* [*Dethloffs E. Klein* of counsel], for the petitioner.

*George L. Grobe, Corporation Counsel* [*Elmer S. Stengel* of counsel], for the respondents.

HINKLEY, J. The determination of every certiorari by a corporation for tax exemption must, in the final analysis, rest upon the

good faith of the applicant, the *bona fides* of its alleged purposes as set forth in the charter which brought it into being and its allegiance to those purposes, both in spirit and by act, to the exclusion not only of commercialism but every other purpose.

We must, as in all other judicial determinations, place in juxtaposition the two extremes of judicial interpretation. On the one hand, is the policy of strict construction which frowns upon tax exemption. (*Matter of Board of Education of City of Jamestown* v. *Baker*, 241 App. Div. 575.) On the other hand, innocent collateral activities essential to the furtherance of the true purposes of the corporation should not blind the court to the genuineness of those purposes nor to the sincerity of their actual accomplishment. (*Matter of Syracuse University*, 214 App. Div. 375, at p. 377; *St. Barbara's R. C. Church* v. *City of New York*, 243 id. 371.)

The present depression calls, on the one hand, for a more strict limitation of tax exemptions in the contemplation of the present excessive burdens of the taxpayers. On the other hand, we must strive to maintain intact those religious, charitable, educational and fraternal institutions which have been essential and integral parts not only of the foundation but in the maintenance of the form of government and type of society in which we live.

Each old world race has brought to the shores of this country its inherent and cultivated characteristics. Perhaps no nation has equalled the German in its contribution to the so-called American melting pot of a realization of the value of health. With his robust constitution and his indefatigable pursuit of the science of physical well being, he has laid the foundation, at least, for the education of the city dweller along the lines of indoor athletic activity.

Studying first the purposes of the corporation (Laws of 1869, chap. 658, as amd. by Laws of 1894, chap. 12), section 2 of the original charter indicated a three-fold purpose: perfection of physical education, social recreation and relief of sick or distressed members. The amendment conforms more nearly to subdivision 6 of section 4 of the Tax Law. The amendment to the charter is as follows: " The object of this society shall be the moral and mental improvement of its members, the charitable relief of sick or distressed members, and the education of its members and others by means of a public library, reading rooms, class instruction and otherwise."

So far as is applicable to this case, section 4 of the Tax Law provides as follows:

" § 4. Exemption from taxation. The following property shall be exempt from taxation. *    *    *

" 6. The real property of a corporation or association organized exclusively for the moral or mental improvement of men or women

or for religious, bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational * * * or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes."

The court is convinced that the purposes of this corporation, as set forth in its charter as amended, are clearly within the limitations of the Tax Law above quoted. Historical instances where genius has flared forth from seemingly physical derelicts are the exception. The science of health is essential in every educational movement for the moral and mental improvement of men and/or women. There is no claim that this corporation was created exclusively for charitable purposes. The fact that it aids in the relief of its sick or distressed members, although suggestive of the word " charitable," is not a purpose which in any way affects the exclusiveness of its primary purpose. The term education " contemplates not only the mental and moral but the physical training and welfare." (*Matter of Syracuse University, supra; People ex rel. Trustees* v. *Metzger*, 98 App. Div. 237, at p. 239; affd., 181 N. Y. 511; *Matter of Moses*, 138 App. Div. 525, at p. 528; *Matter of Field*, 71 Misc. 396, at p. 397; affd., 147 App. Div. 927; *Mt. Hermon Boys' School* v. *Gill*, 145 Mass. 139; 13 N. E. 354.) Education may be particularly directed to either the mental, moral or physical powers and faculties but in its broadest and best sense it relates to them all. (Black Law Dict. [3d ed.] p. 642.)

The court is further convinced that all of the activities of this corporation are strictly in furtherance of the main purpose of the organization or are incidental to the accomplishment of that purpose. The premises sought to be exempt are and have been employed strictly and exclusively for the physical education of men and/or women in the attainment of their moral and mental improvement.

Judgment may be entered in favor of the petitioner for the relief prayed for.