## German Gymnastic Ass'n Of Louisville v. City Of Louisville et al.

February 10, 1948.

Rehearing denied March 26, 1948.

W. Scott Miller, Judge.

Oldham Clarke, James M. Cuneo, Alfred C. Krieger, Allen, McElwain, Dinning, Clarke & Ballantine and Krieger & Huffaker for appellant.

Gilbert Burnett and Alex P. Humphrey for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming in part, reversing in part.

This appeal is from a judgment holding the German Gymnastic Association of Louisville liable for taxes imposed by the City for the years 1942 to 1946 inclusive. Three propositions are urged for reversal: (1) The Association is an educational institution within the meaning of Section 170 of the Constitution, and therefore is exempt from taxation; (2) the judgment of this Court in 1904, holding that the Association is an educational institution within the meaning of Section 170 of the Constitution, is res adjudicata, and bars any subsequent taxation of its property; and (3) if the Association is subject to taxation, its liability would begin with the effective date of the decision in the case at bar.

In the case of German Gymnastic Association v.

City of Louisville, 117 Ky. 958, 80 S. W. 201, 65 L. R. A. 120, 111 Am. St. Rep. 287, decided in 1904, this Court held that the Association was an educational institution, not employed for gain, within the meaning of Section 170 of the Constitution, and therefore was exempt from taxation. In the recent case of Kesselring v. Bonnycastle Club, 299 Ky. 585, 186 S. W. 2d 402, wherein we held the Club subject to taxation, we had occasion to comment upon the ruling in the Association's case decided in 1904. In fact we said the opinion should be overruled. But such a statement was not necessary to uphold the ruling in the Bonnycastle Club case. The methods of operation of the two organizations were discussed and distinctions drawn. There appear to have been no material changes in the Association's methods of operation since 1904. Counsel for the Association have sought diligently to show that its activities are such as to warrant its exemption from taxation, and also that the statement in the Bonnycastle Club case overruling the opinion in the case of 1904 is dictum. From what has already been said it may be conceded that the opinion in the Bonnycastle Club case would have no binding effect upon the Association, insofar as any tax liability is concerned. However, we think the general principles discussed in the Bonnycastle Club case are applicable here and we now reaffirm them and thereunder hold that the Association should no longer be classed as an educational institution.

In support of the Association's proposition that this Court's ruling in the former case is res adjudicata, and therefore bars any subsequent taxation of the Association's property, it cites the case of New Orleans v. Citizens' Bank, 167 U. S. 371, 17 S. Ct. 905, 42 L. Ed. 202, and several other Supreme Court cases which refer to the New Orleans case. In the New Orleans case it was held that a judgment holding a bank exempt from ad valorem taxes under a charter given it by the legislature of Louisiana was res adjudicata when the city again sought to enforce like taxes for a year subsequent. In opposition to the Association's contention the City cites the recent case of Louisville Garage Corporation v. City of Louisville, 303 Ky. 553, 198 S. W. 2d 40, and cases cited therein, in support of its contention that the rule in this State is that an adjudication

upon the question of liability for taxes for one year is no bar to an action for taxes assessed for a subsequent year, and that the taxes for each year represent a different cause of action. This Court has long followed the rule relied upon by the City and we are not disposed to depart from it at this time. We are not presented with a case involving tax exemption under a contract or franchise between the taxing authority and the taxpayer. A brief discussion of this question may be found at the latter part of the opinion in the Louisville Garage Corporation case.

Little need be said in support of the Association's insistence that, in the event it is held liable for taxes, the liability would begin with the effective date of the decision in this case. We think this is clearly a case for the application of the prospective rule thoroughly discussed in the cases of Payne v. City of Covington, 276 Ky. 380, 123 S. W. 2d 1045, 122 A. L. R. 321; World Fire & Marine Insurance Co. v. Tapp, 279 Ky. 423, 130 S. W. 2d 848; Commonwealth v. Trousdale, 297 Ky. 724, 181 S. W. 2d 254; and Button v. Drake, 302 Ky. 517, 195 S. W. 2d 66, 167 A. L. R. 1046. It may be conceded that property rights of third parties are not involved. However, the Association being a non-profit organization, and classed under this Court's ruling in 1904 as an educational institution, was entitled to make its plans accordingly. It was not necessary that it make provision for taxes. To impose such a liability now for the years 1942 to 1946 inclusive might well invoke undue hardships upon the Association. But aside from all this, how can it be said that there was any law prior to the effective date of this decision under which the Association was liable for taxes? Up until the effective date of this decision there has been no ruling modifying that of 1904 which authorized the Association's exemption from taxation.

Accordingly, we direct that the judgment be affirmed on propositions 1 and 2, and reversed on proposition 3.