(No. 33549.—
THE PEOPLE *ex rel.* John B. Brenza, County Collector, Appellee, *vs.* TURNVEREIN LINCOLN, Appellant.

*Opinion filed January 19, 1956—Rehearing denied March 19, 1956.*

Owens, Owens & Rinn, of Chicago, (John E. Owens, and Vincent G. Rinn, of counsel,) for appellant.

John Gutknecht, State's Attorney, of Chicago, (Gordon B. Nash, Edward E. Plusdrak, Charles D. Snewind, and William Sylvester White, of counsel,) for appellee.

Mr. Chief Justice Hershey delivered the opinion of the court:

This appeal from the county court of Cook County involves the question of whether certain property of the appellant, Turnverein Lincoln, a corporation not for profit, is exempt from general real estate taxes for the years 1939 through 1952 as being the property of a school. (Ill. Rev. Stat. 1953, chap. 120, par. 500.) The county court overruled the appellant's tax objections, thereby refusing to hold the property tax exempt, and this appeal followed.

The case is here on undisputed facts and stipulations which show the following relevant matters:

Turnverein Lincoln was incorporated not for profit in 1885. Since 1939 it has occupied the premises at 1005-1019

Diversey Parkway in Chicago, 99 per cent of which is used for classes in physical education. Two buildings there front 200 feet and are 125 feet deep. The main building has a large swimming pool, with shower and locker rooms, a registrar's office, and four classrooms on the first floor. On the second floor is a gymnasium, an equipment room, and two large classrooms. The other building, connected with the first, has an auxiliary gymnasium, with three classrooms on the first floor and two on the second.

Turnverein Lincoln has been active in physical education since its inception and is referred to as "Lincoln Turners." The Turnverein societies are physical education societies started by Frederick Jahn in Germany in the early nineteenth century, and German immigrants carried on their work and organizations in this country.

Regular classes are held in gymnastics and swimming. Classes begin the first Monday of September and run ten months. There are both day and evening classes, with Sunday classes for leaders.

Boys and girls of all races, creeds and nationalities, whether the children of Turnverein Lincoln members or not, are acceptable as students. Attendance has varied from 847 to 1000 regularly attending students.

Instruction is supervised by teachers in organized class groups, resembling formalized schooling rather than social playground or swimming pool activity. Certificates and diplomas are granted.

Credits issued to students of both the gymnastic and swimming classes are recognized by various schools of physical education, including the Normal College of Physical Education of Indiana University. In addition, the swimming certificates are recognized by the American Red Cross.

Turnverein Lincoln graduates have gone directly into positions with the city of Chicago, the Chicago Park District, and other public recreation programs. One graduate

is supervisor of the bureau of recreation of the city of Chicago, while another is director of physical education of the Chicago board of education. Sixty to seventy per cent of all Chicago playground instructors (some 400 in the last 30 or 40 years) are Turnverein Lincoln trainees.

All officers and directors serve without financial compensation.

The United States Treasury Department, after an investigation of the activities of Turnverein Lincoln, declared it to be organized and conducted exclusively for educational purposes. Accordingly, it is exempt from filing income tax returns and is entitled to receive gifts which are deductible by the donors for Federal income tax purposes.

To determine whether the property of the appellant is exempt from taxation, it is necessary to consider what constitutes a "school" or "school purposes" under the constitutional exemption of property "used exclusively for * * * school * * * purposes" (Ill. Const., art. IX, sec. 3,) and under the statute exempting "all property of schools, including the real estate on which the schools are located and other real estate used by such schools exclusively for school purposes." Ill. Rev. Stat. 1953, chap. 120, par. 500.

We have repeatedly held that statutes passed for the purpose of exempting property from taxation must be strictly construed, and all debatable questions resolved in favor of the tax. See, for example, *Turnverein Lincoln* v. *Board of Appeals,* 358 Ill. 135, a case involving this same institution.

In that case, decided in 1934, we defined a school for this purpose as follows: "A school * * * is a place where systematic instruction in useful branches is given by methods common to schools and institutions of learning, which would make the place a school in the common acceptation of that word." (358 Ill. 135, 142.) This was consistent with *People ex rel. McCullough* v. *Deutsche*

*Gemeinde,* 249 Ill. 132, where this court observed that establishments called schools which are conducted for teaching dancing, riding, deportment and the like are not schools in the ordinary sense.

Here, the record shows that the appellant conducts classes in swimming and gymnastics. Is it, therefore, a school within the meaning of our exemption statute? We decided it was not in the first *Turnverein case,* but because of substantial factual differences, the earlier case is not necessarily controlling here.

The courts of other States are divided as to the taxable status of this type of institution, but the later cases seemingly favor the tax, with one State overruling an earlier decision which granted the exemption. Thus, an exemption was allowed in *Buffalo Turn Verein* v. *Reuling,* 155 Misc. 797, 281 N.Y.S. 545 (see also 257 App. Div. 902, 12 N.Y.S. 2d 170), *North St. Louis Gymnastic Society* v. *Hudson,* 85 Mo. 32, and *Denver Turn Verein* v. *McGlone,* 91 Colo. 473, 15 P.2d 709; but it was denied in *Socialer Turnverein* v. *Board of Tax Appeals,* 139 Ohio St. 622, 41 N.E.2d 710, and *German Gymnastic Association* v. *City of Louisville,* 306 Ky. 810, 209 S.W.2d 75 (overruling 117 Ky. 958, 80 S.W. 201).

In the ordinary school, physical education is a part, but only a part, of the curriculum. And while instruction in swimming and gymnastics is educational in a broad sense, it is not sufficient, standing alone, to bring an institution within the scope of our statute, where, as aforesaid, a restrictive meaning is intended.

This is consistent with the reasons usually advanced for exempting school property from taxation, expressed as follows in a recent Minnesota case: "It seems clear from the foregoing that this constitutional tax exemption for private educational institutions was intended to extend only to those private institutions which provide at least some substantial part of the educational training which other-

wise would be furnished by the various publicly supported schools, academies, colleges and seminaries of learning and which, to such extent, thereby lessen the tax burden imposed upon our citizens as the result of our public educational system." (*State* v. *Northwestern Vocational Institute, Inc.* 232 Minn. 377, 45 N.W.2d 653, 655.) Here, the taxpayer does not contend that the instruction given at Turnverein lessens the burden of taxation necessary to support our government-financed and operated schools.

The judgment of the county court of Cook County is affirmed.

*Judgment affirmed.*