William D. YOUNT and Scott Barbour Suing On Their Own Behalf And On Behalf Of All Other Persons In The Commonwealth of Kentucky Similarly Situated, Appellants,

v.

C. Emmett CALVERT, Secretary Kentucky Revenue Cabinet; Jim Beam Brands Company, Appellees.

JIM BEAM BRANDS COMPANY, Cross–Appellant,

v.

William D. YOUNT and Scott Barbour Suing On Their Own Behalf And On Behalf Of All Other Persons In The Commonwealth of Kentucky Similarly Situated, Appellants/Cross–Appellees,

and

C. Emmett Calvert, Secretary Kentucky Revenue Cabinet, Cross–Appellee.

Nos. 90–CA–454–MR, 90–CA–1398–MR.

Court of Appeals of Kentucky.

Sept. 13, 1991.

Rehearing Denied Dec. 13, 1991.

Discretionary Review Denied by Supreme Court May 6, 1992.

Joseph J. Leary, Frankfort, for appellants/cross-appellees.

Celia M. Dunlap, Div. of Legal Services, Revenue Cabinet, Frankfort, for cross-appellee Calvert.

Bruce F. Clark, Stites & Harbison, Frankfort, for cross-appellant Jim Beam Brands Co.

Before CLAYTON, HOWERTON and McDONALD, JJ.

McDONALD, Judge.

This is a tax case involving the constitutionality of the Kentucky ad valorem tax

on distilled spirits. On September 29, 1989, the Franklin Circuit Court entered a judgment which held that the state ad valorem tax classification of distilled spirits, KRS 132.020(10) [1] is a manifest violation of Section 171 of Kentucky's Constitution. The court held that distilled spirits should be taxed under the general provisions of KRS 132.020. By further order entered October 24, 1989, the court ruled that under KRS 132.020(1), a state tax rate of $.45 per $100 of assessed valuation should be applied to distilled spirits. The trial court's final judgment entered on February 28, 1990, held that the general property tax rate under KRS 132.020 was to be applied prospectively beginning with the tax year in which the court's final summary judgment was entered. This appeal and cross-appeal followed.

The appellants/cross-appellees, Yount and Barbour, have appealed the order which applies the general tax rate prospectively instead of retrospectively. Appellee/cross-appellant, Jim Beam Brands Co., has appealed the orders which hold that KRS 132.020(10) is unconstitutional and that the general state tax rate under KRS 132.020 should be applied to distilled spirits.

Section 171 of the Kentucky Constitution provides in pertinent part:

... [T]axes shall be levied and collected for public purposes only and shall be uniform upon all property of the same class subject to taxation within the territorial limits of the authority levying the tax; and all taxes shall be levied and collected by general laws. ...

The Constitution of Kentucky, Section 172, provides in pertinent part:

All property, not exempted from taxation by this Constitution, shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale. ...

In 1982, KRS 132.020 became effective. The statute created a different classification for distilled spirits for purposes of imposing a different rate of taxation from the rate imposed upon other tangible property in Kentucky. The rate imposed under the general provisions for property tax set forth in KRS 132.020 was $.45 per $100 of value. However, subparagraph 10 of KRS 132.020 set a special rate for state ad valorem tax on distilled spirits at a rate per $100 of assessed value of $.225 in 1982, $.1125 in 1983, and $.001 in 1984 and after.

The lower court stated in its judgment of September 29, 1989:

... After numerous hearings on motions which address many substantive matters of this complaint, and being otherwise sufficiently advised, plaintiffs' motion for partial summary judgment declaring KRS 132.020 unconstitutional is GRANTED. As directed by the Kentucky Supreme Court in *Gillis v. Yount*, Ky., 748 S.W.2d 357 (1988) at page 362, "our 'duty' is 'to lay the article of the constitution which is evoked beside the statute which is challenged and decide whether the latter squares with the former.' " Quoting *United States v. Butler*, 297 U.S. 1, at 63, 56 S.Ct. 312, 318, 80 L.Ed. 477 (1936).

Appellee/cross-appellant contends that they should have been granted an opportunity to present evidence to demonstrate the rational basis for the classification contained in the statute. The lower court addressed this issue and stated:

Under the authority of *Gillis v. Yount*, supra, this statute is unconstitutional on its face. As the Supreme Court pointed out in *Gillis v. Yount*, supra, at page 358: "the connection between classifying unmined coal separately from other interests in real property subject to ad valorem tax and then imposing the new

1. The original judgment of September 29, 1989, declared KRS 132.020 to be unconstitutional. However, by way of two amended judgments, on October 20 and 24, 1989, the court clarified its original judgment entered in this case on September 29, 1989, to declare subparagraph 10 of KRS 132.020 to be an unconstitutional infringement upon Section 171 of the Constitution.

one mil rate for such property is abundantly clear from review of the legislative history of the one mil rate." That connection is also abundantly clear in this case. Indeed the same statute both creates the classification and imposes the one mil rate for purposes of ad valorem taxation. This is a manifest violation of Section 171 of Kentucky's Constitution. In *Gillis v. Yount*, supra, the Supreme Court clearly held that a classification for such purpose "serves no legitimate purpose to promote the governmental function directly involved." Page 363.

■ Clearly, Kentucky law holds that distilled spirits are property within the meaning of Section 171 and 172 of the State Constitution. *Reeves v. Jefferson County*, Ky., 245 S.W.2d 606 (1952).

..." 'personal property' includes every species and character of property, tangible and intangible, other than real property." ...

Since distilled spirits are property within the meaning of Section 172 of our Constitution, which subjects "all property" to taxation, it necessarily follows that distilled spirits are "property" within the meaning of the provisions of the Constitution, which mandatorily requires uniformity in the assessment of property for ad valorem taxes.

The U.S. Supreme Court held in *Dawson, Att'y General of the State of Kentucky v. Kentucky Distilleries and Warehouse Co.*, 255 U.S. 288, 41 S.Ct. 272, 65 L.Ed. 638, that distilled spirits are property within the meaning of Section 171 of the Kentucky Constitution requiring uniformity.

*Reeves, supra* at 610.

■ It is our opinion that the lower court did not err in its determination that distilled spirits are tangible personal property subject to the same statutory and constitutional requirements which govern taxation of such property generally. *Reeves, supra*, and *National Distillers Products Corp. v. Board of Education*, Ky., 256 S.W.2d 481

(1953). It follows that distilled spirits must necessarily be taxed at the rate provided for under the general provisions for property taxation set forth in KRS 132.020. *Gillis v. Yount*, Ky., 748 S.W.2d 357 (1988); Kentucky Constitution Section 171; *Reeves, supra;* and *National Distillers, supra.*

KRS 132.020(10) is repugnant to the Kentucky Constitution. It is a manifest violation of both the letter and spirit of the law. *Gillis v. Yount, supra.* Accordingly, the judgment of the lower court declaring KRS 132.020(10) to be an unconstitutional infringement upon the Constitution and mandating that the Kentucky Revenue Cabinet tax distilled spirits at the rate provided for under the general provisions set forth in KRS 132.020 is proper. The decision accurately reflects the law of this state.

We will next address the issue of whether the rate provided for under the general provision set forth in KRS 132.020 should be applied to distilled spirits retroactively or on a prospective basis from the date of the lower court's final judgment.

Appellants/cross-appellees relying on KRS 134.050 moved the lower court to order that the general state tax rate under KRS 132.020 be assessed retroactively on distilled spirits for a period of five years. They argued that because KRS 132.020(10) was adjudged unconstitutional, it affords no protection to any taxpayer and that retroactive application under KRS 134.050 is a matter of inescapable law. The statute relied upon, i.e. KRS 134.050, fixes a statute of limitations on taxes due but not paid of five years. The unpaid taxes are the "personal debt of the person liable for the payment thereof...."

Appellee/cross-appellant argued that the application of the rate is a matter of discretion with the court. In support of this position, appellee/cross-appellant cited *Chevron Oil Company v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). Appellee/cross-appellant also submitted five affidavits in support of its position that the distilled spirits industry relied

upon KRS 132.020(10) in its business practices and that the industry would be seriously burdened and harmed by retroactive application of a substantially higher tax rate. Further, affiants stated that the retroactive application would have a devastating impact upon the fiscal soundness of the Kentucky industry which is already facing serious financial hardship.

In *Chevron Oil, supra,* the United States Supreme Court presented a three-pronged test to be applied in deciding cases dealing with the nonretroactivity question. The test provides:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed ... (citations omitted).

> Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." ... Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." ...

*Chevron Oil, supra* 404 U.S. at 106–07, 92 S.Ct. at 355, 30 L.Ed.2d at 306.

The lower court held that a balancing of the equities as set forth in the *Chevron Oil* case is the proper standard to be applied in determining the retroactive application of the higher rate. The court further held that KRS 134.050 does not apply to the retroactivity issue raised under the circumstances of this case. That statute, determined the lower court, merely holds that taxes are a personal debt from the time they become due until paid. The appel-

lee/cross-appellant paid taxes due under the statutory scheme set out in KRS 132. Therefore, held the lower court, there was no personal debt for unpaid taxes.

The lower court, having balanced the equities, determined that application of the general tax rate retroactively would be unduly burdensome to the distilled spirits industry of Kentucky. Accordingly, the lower court ordered that the general tax rate provided under KRS 132.020 shall be applied prospectively beginning with the tax year in which the court's final summary judgment is entered.

■ Kentucky decisions have recognized the Court's power to apply decisions prospectively. *See Russman v. Luckett,* Ky., 391 S.W.2d 694 (1965); *German Gymnastics Ass'n v. City of Louisville,* 306 Ky. 810, 209 S.W.2d 75 (1948); and, *Commissioners of the Sinking Fund v. Hopson,* Ky.App., 613 S.W.2d 621 (1980). Although *Chevron Oil* was not a tax case, a number of courts have applied the test enunciated by the *Chevron Oil* court to tax cases. *See Bass v. State,* 395 S.E.2d 171, 174 (S.C.1990), and *American Trucking Assns., Inc. v. Smith,* 496 U.S. 167, 110 S.Ct. 2323, 110 L.Ed.2d 148 (1990).

In the recent case of *American Trucking Assns., Inc. v. Smith, supra,* the U.S. Supreme Court relying on *Chevron* held that taxpayers could not seek refunds of taxes paid under an unconstitutional tax statute. The court's decision declaring the tax statute unconstitutional would be applied prospectively from the date of the decision. Thus, although the statute was found to be unconstitutional, it was not treated as if it were void *ab initio.*

*James B. Beam Distilling Co. v. Georgia,* 501 U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), is the United States Supreme Court's most recent opinion regarding prospective and retroactive application of decisions in the area of tax law. Although *Beam, supra,* modified to a slight extent the *Chevron Oil, supra,* case, it in no way eliminated the analysis utilized

by the *Chevron Oil* court. In fact, in *Beam*, the majority expressed itself as a narrow view, stating:

> The grounds for our decision today are narrow. They are confined entirely to an issue of choice of law: when the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata. We do not speculate as to the bounds or propriety of pure prospectivity.

*Beam, supra* 111 S.Ct. at 2448.

In *Beam*, the court was presented with the question of whether its ruling in *Bacchus Imports, Ltd. v. Dias*, 468 U.S. 263, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984), should apply retroactively to claims arising on facts antedating that decision. It was held by the Supreme Court that retroactive application of the rule in *Bacchus, supra*, requires its application retroactively in later cases. An understanding of the decision requires some knowledge of the factual background. The case concerned the constitutionality of a Georgia state law that imposed an excise tax on imported alcohol and distilled spirits of a rate two times that imposed on alcohol and distilled spirits manufactured from Georgia-grown products. In *Bacchus*, a similar Hawaii statute had been held unconstitutional in violation of the Commerce Clause. The *Beam* trial court agreed that the Georgia statute was unconstitutional. However, using the *Chevron Oil* analysis, the trial court refused to apply its ruling retroactively. The Supreme Court of Georgia affirmed the decision. The United States Supreme Court reversed.

As succinctly stated by the *Beam* court in its holding:

> [T]he question is whether it is error to refuse to apply a rule of federal law retroactively after the case announcing the rule has already done so. We hold that it is, principles of equality and *stare decisis* here prevailing over any claim based on a *Chevron Oil* analysis.

The *Beam* court further opined that:

> [L]itigants [are not] to be distinguished for choice-of-law purposes on the particular equities of their claims to prospectivity. . . . It is simply the nature of precedent . . . that the substantive law will not shift and spring on such a basis. To this extent, our decision here does limit the possible applications of the *Chevron Oil* analysis. . . . [T]he *Chevron Oil* test cannot determine the choice of law by relying on the equities of the particular case. . . . *Conversely, nothing we say here precludes consideration of individual equities when deciding remedial issues in particular cases.* (Emphasis added).

*Beam, supra* 111 S.Ct. at 2446, 2447.

We are of the opinion that the test enunciated in *Chevron Oil* was the proper standard to be utilized by the lower court in this instance. The trial court was entitled to consider individual equities in determining the remedy in the particular case before it. The decision declaring KRS 132.020(10) unconstitutional was new law. Having weighed the merits and demerits of the case and the inequities that would be imposed by retroactive application, the lower court, in its discretion, chose not to apply the general tax rate retroactively. The lower court's purely prospective application of the general tax rate set forth in KRS 132.020 was not an abuse of discretion. Here, the lower court was not bound by precedent nor principles of equality and *stare decisis* as was the *Beam* court. The trial court's holding is supported by the evidence and is not clearly erroneous.

The judgment of the Franklin Circuit Court is affirmed.

All concur.